690 F.2d 1364
 ATHENS LUMBER COMPANY, INCORPORATED and John P. Bondurant,
Plaintiffs- Appellees,
v.
FEDERAL ELECTION COMMISSION and William F. Smith, etc.,
Defendants-Appellees,
and
International Association of Machinists and Aerospace
Workers, et al., Movants- Appellants.
 No. 82-8077
 
 Non-Argument Calendar.
 United States Court of Appeals,
Eleventh Circuit.
 Nov. 8, 1982.
 Rauh, Silard & Lichtman, Joseph L. Rauh, Jr., Washington, D. C., for movants-appellants.
 Emmet J. Bondurant, II, Trotter, Bondurant, Miller & Hishon, Atlanta, Ga., for Athens Lumber Co. & JP Bondurant.
 Charles N. Steele, Gen. Counsel, Richard B. Bader, Asst. Gen. Counsel, Carolyn U. Oliphant, Sp. Asst. Gen. Counsel, Jeffrey H. Bowman, Atty., for Federal Election Commission; Craig Donsanto, Director, Election Crimes Branch, Public Integrity Section, Criminal Division, U. S. Dept. of Justice, Washington, D. C., Bernard E. Namie, Asst. U. S. Atty., Macon, Ga., for Smith.
 Appeal from the United States District Court for the Middle District of Georgia.
 Before HILL, KRAVITCH and HENDERSON, Circuit Judges.
 JAMES C. HILL, Circuit Judge:
 
 
 1
 Appellants, International Association of Machinists and Aerospace Workers (IAM) and its president William Winpisinger, applied to intervene as party defendants in Athens Lumber Co. v. F.E.C., 689 F.2d 1006 (11th Cir.). The district court denied the union's application for intervention, and we affirm.
 
 
 2
 In Athens Lumber Co. v. F.E.C., a corporation challenges the constitutionality of section 441b(a) of the Federal Elections Campaign Act (FECA). 2 U.S.C. § 441b(a). The case arose when the shareholders of Athens Lumber Co. unanimously passed a resolution authorizing the company's president to make political expenditures in violation of section 441b(a) FECA. The shareholders' authorization, however, was contingent upon the company's ability to secure a judicial declaration that section 441b(a) was unconstitutional or repeal of the provision. Athens thus filed a suit in district court seeking a declaratory judgment. IAM applied to intervene. The union, however, was denied the right to intervene, and the entire case subsequently was dismissed for lack of justiciability.
 
 
 3
 In a separate appeal,[1] Athens challenged the dismissal of its action. A panel of this court already has reviewed the corporation's claims and has reversed the district court's dismissal. However, rather than remanding the case back to the district court, the panel certified the constitutional issues raised to the United States Court of Appeals for the Eleventh Circuit sitting en banc. The panel's certification was pursuant to the expedited procedures embodied in section 437h of the FECA. 2 U.S.C. § 437h; see also FEC v. Lance, 617 F.2d 365 (5th Cir. 1980), submitted en banc, 635 F.2d 1132 (5th Cir.), cert. denied, 453 U.S. 917, 101 S.Ct. 3151, 69 L.Ed.2d 999 (1981).
 
 
 4
 In its appeal, IAM maintains that the district court improperly denied intervention. The union argues that it has an interest in the outcome of the case because it will lose significant political ground if restrictions on corporate political expenditures are lifted. In addition, IAM maintains that the FEC cannot adequately represent union interests in defending the constitutionality of the statute. As a public institution, IAM fears that the FEC lacks the incentive to represent vigorously what IAM perceives as a private interest. Thus, the union concludes that it meets the requirements for "intervention of right." See Fed.R.Civ.P. 24(a)(2). In the alternative, IAM contends that the elements for "permissive intervention" have been met so that the district court's denial of intervention constitutes an abuse of discretion. See Fed.R.Civ.P. 24(b).INTERVENTION OF RIGHT
 
 
 5
 Four requirements must be met before an applicant may be entitled to intervention of right:
 
 
 6
 (1) The application must be timely;[2]
 
 
 7
 (2) the applicant must have an interest relating to the property or transaction which is the subject of the action;
 
 
 8
 (3) the applicant must be so situated that disposition of the action, as a practical matter, may impede or impair his ability to protect that interest; and
 
 
 9
 (4) the applicant must demonstrate that his interest is represented inadequately by the existing parties to the suit. Fed.R.Civ.P. 24(a)(2); Howse v. S/V "Canada Goose I," 641 F.2d 317 (5th Cir. 1981). See generally 7A C. Wright & A. Miller, Federal Practice and Procedure §§ 1908-09 (1972 & 1982 Supp.).
 
 
 10
 The interest claimed by IAM is the danger that unions will be financially overwhelmed in federal elections. Although this claim represents a genuine concern, it fails to constitute an "interest" sufficient to support intervention of right. Intervention of right must be supported by "direct, substantial, legally protectible interest in the proceeding." Howse, supra, 641 F.2d at 320-21; Piambino v. Bailey, 610 F.2d 1306, 1321 (5th Cir. 1980); United States v. Perry County Board of Education, 567 F.2d 277, 279 (5th Cir. 1978); Diaz v. Southern Drilling Corp, 427 F.2d 1118, 1124 (5th Cir. 1970); see Donaldson v. United States, 400 U.S. 517, 531, 91 S.Ct. 534, 542, 27 L.Ed.2d 580 (1971) ("significantly protectable interest"). In essence, the intervenor must be at least a real party in interest in the transaction which is the subject of the proceeding. See Piambino, supra, 610 F.2d at 1321; United States v. 936.71 Acres of Land, 418 F.2d 551, 556 (5th Cir. 1969). IAM, however, is not a real party in interest in Athens Lumber Co. v. FEC. IAM has no interest in the possibility of enforcement proceedings against the corporation. Indeed, IAM has no relationship with Athens. The sole basis of its interest is general concern for the disproportionate corporate expenditures which may result if the FECA restrictions are lifted. IAM's alleged interest is shared with all unions and all citizens concerned about the ramifications of direct corporate expenditures. Because this interest is so generalized it will not support a claim for intervention of right. See Valley Forge Christian College v. Americans United for Separation of Church and State, 454 U.S. 464, 102 S.Ct. 752, 70 L.Ed.2d 700 (1982); Piedmont Heights Civic Club v. Moreland, 83 F.R.D. 153 (N.D.Ga.1979); United States v. ITT Corp., 349 F.Supp. 22 (D.Conn.1972), aff'd sub nom., Nader v. United States, 410 U.S. 919, 93 S.Ct. 1363, 35 L.Ed.2d 582 (1973).
 
 
 11
 But even if IAM were able to allege a sufficient interest in the proceedings, its claim for intervention of right also must fail because its interest is adequately represented by the FEC. The goal of the union is to uphold the constitutionality of section 441b(a) of the FECA. This is precisely the interest which has been vigorously presented by the FEC throughout these proceedings. Because both the union and the FEC have the same objective, we presume that the union's interest is adequately represented. International Tank Terminals Ltd. v. M/V Acadia Forrest, 579 F.2d 964, 967 (5th Cir. 1978); Associated Industries of Alabama, Inc. v. Train, 543 F.2d 1159 (5th Cir. 1976); Ordinance Container Corp. v. Sperry Rand Corp., 478 F.2d 844 (5th Cir. 1973).
 
 
 12
 Nevertheless, IAM urges that the Supreme Court's opinion in Trbovitch v. United Mineworkers, 404 U.S. 528, 92 S.Ct. 630, 30 L.Ed.2d 686 (1972), supports its position that a public agency charged with protecting the public interest cannot represent adequately private interests. In Trbovitch, the Court concluded that nothing in the language or history of the Labor-Management Reporting and Disclosure Act barred intervention by a union member in a post-election enforcement suit brought by the Secretary of Labor against a union. Thus, the union member who had filed the original complaint against the union was permitted to intervene. The Court reasoned, "Even if the Secretary is performing his duties, broadly conceived as well as can be expected, the union member may have a valid complaint about the performance of 'his lawyer.' " 404 U.S. at 539, 92 S.Ct. at 636.
 
 
 13
 Trbovitch, however, cannot be read to stand for a general proposition that a public agency is unable to represent adequately the individual interest of a member of the public. The union member, who was granted the right to intervene in Trbovitch, bore an especially close relationship to the case; he, in fact, had initiated the proceedings. Moreover, one of the reasons he sought to intervene was "to seek certain specific safeguards with respect to any new election which may be ordered." 404 U.S. at 530, 92 S.Ct. at 632. The Secretary of Labor sought only to set aside and conduct a new union election. Id. at 529, 92 S.Ct. at 632. Unlike the Secretary of Labor and the union member in Trbovitch, the IAM and the FEC, in the present case, both have precisely the same objective. Both wish to uphold the constitutionality of section 441b. Thus, appellants may not rely on Trbovitch to defeat the presumption that the FEC adequately represents the interests of IAM. To the contrary, the FEC has successfully defended the constitutionality of section 441b on numerous occasions.[3] Appellants, therefore, have not satisfied the requirements for intervention of right.
 
 PERMISSIVE INTERVENTION
 
 14
 IAM also sought leave to intervene under the permissive intervention provisions of Rule 24. Under Rule 24(b)(2) a district court may permit intervention "when an applicant's claim or defense and the main action have a question of law or fact in common." The decision to allow permissive intervention, however, lies within the discretion of the district court. Brotherhood of R.R. Trainmen v. Baltimore & Ohio R.R., 331 U.S. 519, 524, 67 S.Ct. 1387, 1389, 91 L.Ed. 1646 (1947); Cisneros v. Corpus Christi Independent School District, 560 F.2d 190, 191 (5th Cir. 1977); United States v. Allegheny-Ludlum Industries, Inc., 517 F.2d 826, 841 (5th Cir. 1975), cert. denied, 425 U.S. 944, 96 S.Ct. 1684, 48 L.Ed.2d 187 (1976). It also is a decision which may be reviewed only for a clear abuse of discretion. Korioth v. Briscoe, 523 F.2d 1271, 1278 n.24 (5th Cir. 1975) (citing Allen Calculators, Inc. v. National Cash Register Co., 322 U.S. 137, 142, 64 S.Ct. 905, 908, 88 L.Ed. 1188 (1944)).
 
 
 15
 Upon review of the district court's dismissal, we find no such abuse. This action was brought by Athens under section 437h of the FECA, a provision designed to expedite constitutional challenges to the Act. 2 U.S.C. § 437h; see also 120 Cong.Rec. 10562 (1974) (remarks of Sen. Buckley); 120 Cong.Rec. 35140 (1974) (remarks of Rep. Frenzel). Because the introduction of additional parties inevitably delays proceedings, see Crosby Steam Gauge & Valve Co. v. Manning, Maxwell & Moore, 51 F.Supp. 972, 973 (D.Mass.1943), and in light of the remoteness and the general nature of IAM's claims, we cannot say that the district court abused its discretion in denying intervention.
 
 CONCLUSION
 
 16
 In dismissing IAM's application for intervention, we intimate no opinion as to the validity of the issues raised by the union. If IAM believes it can contribute to these proceedings, then the proper course of action may be to file a motion for leave to file an amicus brief. Because the district court, however, did not err or abuse its discretion in denying intervention, we
 
 
 17
 AFFIRM.
 
 
 
 [1]
 IAM's motion to consolidate its appeal with the appeal of Athens Lumber Co. was denied
 
 
 [2]
 The timeliness of IAM's application to intervene is not disputed
 
 
 [3]
 See, e.g., California Medical Association v. FEC, 453 U.S. 182, 101 S.Ct. 2712, 69 L.Ed.2d 567 (1981); Bread Political Action Committee v. FEC, 635 F.2d 621 (7th Cir. 1980) (en banc), rev'd. on juris. grounds, 455 U.S. 577, 102 S.Ct. 1235, 71 L.Ed.2d 432 (1982); FEC v. Lance, 635 F.2d 1132 (5th Cir.) (en banc), cert. denied, 453 U.S. 917, 101 S.Ct. 3151, 69 L.Ed.2d 999 (1981); FEC v. National Education Association, 457 F.Supp. 1102 (D.D.C.1978); FEC v. Weinsten, 462 F.Supp. 243 (S.D.N.Y.1978)