CONTINENTAL CASUALTY COMPANY,
An Illinois Corporation, Plaintiff,

v.

ZHA, INC., Formerly Known As Zipperly,
Hardage & Associates, Inc., A Florida
Corporation, Defendant.

No. 93–1150–CIV–T–17C.

United States District Court,
M.D. Florida,
Tampa Division.

March 21, 1994.

Douglas P. Lawless, Tayor, Lawless & Singer, P.A., Sarasota, FL, Thomas S. Schaufelberger, Terrence M.R. Zic, Wright, Robinson, McCammon, Osthimer & Tatum, Washington, DC, for Continental Cas. Co.

John A. Reed, Jr., Wendy L. Spitler, Lowndes, Drosdick, Doster, Kantor & Reed, P.A., Orlando, FL, for ZHA, Inc.

Louis Schulman, Butler, Burnette & Pappas, Tampa, FL, Martha S. Hollingsworth, Tammy J. Meyer, Bingham, Summers, Welsh & Spilman, Indianapolis, IN, for American States Ins. Co.

### ORDER ON AMERICAN STATES' MOTION TO INTERVENE

KOVACHEVICH, District Judge.

THIS CAUSE is before the Court on a motion filed on February 25, 1994, by American States Insurance Company (American States) to intervene (Docket No. 31) in the underlying action between Plaintiff, Continental Casualty Company (Continental), and Defendant, ZHA, Inc. (ZHA). ZHA filed a response in opposition to American States' motion on March 8, 1994 (Docket No. 36), and Continental filed a response in opposition on March 10, 1994 (Docket No. 37).

### FACTS AND PROCEDURAL HISTORY

ZHA is a named defendant in two civil lawsuits filed in the Circuit Court of the Sixth Judicial Circuit in and for Pinellas County, State of Florida. Those lawsuits relate to ZHA's responsibilities as "on site representative" for the City of St. Petersburg during the construction of the Florida Sun Coast Dome. In the instant action, Continental is asking this Court to determine Continental's rights and responsibilities to ZHA under an existing professional liability insurance policy. ZHA claims that it is entitled to defense and/or indemnification by Continental for any damages for which it may be assessed in the two underlying civil actions. Continental claims that an exclusion in the policy relieves it of any obligation to either defend or indemnify ZHA and its amended complaint requests declaratory judgment on this issue (Docket No. 24).

In its original complaint (Docket No. 1), Continental also named American States as a defendant because American States provides general liability insurance to ZHA. On December 15, 1993, Continental filed a motion for leave to amend its complaint and to voluntarily dismiss American States (Docket No. 19). ZHA filed a response on December 27, 1993 (Docket No. 22), expressing no objection to Continental's request to amend its complaint, and agreeing with Continental that dismissal of American States was appropriate and would "streamline the matters at issue." (Docket No. 22, pg. 1). Subsequently, this Court granted Continental's motion for leave to file an amended complaint and for voluntarily dismissal of American States on January 4, 1994 (Docket No. 23). American States now moves to intervene as a plaintiff under Federal Rule of Civil Procedure (FRCP) 24(a) and (b) (Docket No. 31).

### DISCUSSION

*Federal Rule of Civil Procedure 24(a).* FRCP 24(a) allows a third party to intervene as a matter of right if four requirements are met: 1) the application is timely; 2) the applicant has an interest relating to the property or transaction which is the subject of the action; 3) the applicant is so situated that disposition of the action, as a practical matter, may impede or impair his ability to protect that interest; and 4) the applicant must demonstrate that his interest is inadequately represented by existing parties to the suit. *Athens Lumber Co., Inc. v. Federal Election Commission,* 690 F.2d 1364 (11th Cir.1982).

Additionally, intervention of right must be supported by a direct, substantial, legally protectable interest in the proceeding and the intervenor must at least be a real party in interest in the transaction which is the subject of the proceeding. *Id.* at 1366.

In the present case, American States claims that its ability to protect its interest would be impeded and impaired if it is not permitted to intervene in protection thereof. However, American States' admitted interest is in having this Court issue a declaratory judgment regarding its responsibilities to ZHA under seven separate insurance contracts, none of which are related to the insurance contract at issue between Continental and ZHA. Thus, American States fails both the second and third prongs of the FRCP 24(a) requirements: it does not have an in-

terest relating to the insurance contract which is the subject matter of that action; thus, the disposition of the action between Continental and ZHA cannot impede or impair American States' ability to protect its interests under its own insurance contracts with ZHA.

Even if American States' interest in the action centers on finding that Continental is responsible to ZHA under Continental's insurance contract, thus relieving American States of primary coverage, American States' interest is identical to that of ZHA. Consequently, American States cannot claim that its interest is inadequately represented when its interest is identical to the interest of an original party to the action. Additionally, when the intervenor's interest is identical to that of an existing party to the suit, the intervenor is not entitled to intervene as of right. *Chiles v. Thornburgh,* 865 F.2d 1197, 1215 (11th Cir.1989).

American States' legally protectable interest is its responsibilities under its insurance contracts with ZHA, which are in no way related to this action, and which can be determined in a separate suit if, and when, a controversy arises over those policies. Finally, this Court is persuaded by both Continental's and ZHA's argument that American States' motion to intervene is untimely. American States was notified that they were being dismissed when Continental filed its motion to do so on December 15, 1993 (Docket No. 19). That was the time for American States to respond in opposition to Continental's motion, rather than waiting until after the motion was granted and discovery deadlines between the two remaining parties had been set. Thus, American States fails to meet the four requirements for intervention as of right; accordingly, its motion is denied.

*Federal Rule of Civil Procedure 24(b).* FRCP 24(b) allows permissive intervention if the application to intervene is timely, and if the intervenor's claim or defense and the main issue of the cause have a common question of fact. *Chiles,* 865 F.2d at 1213. The district court has discretion to deny intervention even if both of those requirements are met. *Id.*

In the instant case, the above discussion as to the timeliness of American States' motion is also applicable here. The main issue in the original cause is a contract dispute between Continental and ZHA. American States is not a party to that contract, and the seven insurance policies issued by American States to ZHA are not related to Continental's policy. Thus, when this Court determines the question of whether or not Continental is responsible to ZHA under Continental's insurance contract, that decision will not affect or be determinative in any way as to whether American States has any liability under any of its seven separate policies. American States' motion for permissive intervention is also denied. Accordingly, it is

**ORDERED** that American States' motion to intervene (Docket No. 31) be **denied,** and the Clerk of the Court be **directed** to return the intervenor's proposed complaint and exhibits.

**DONE** and **ORDERED.**