**MIDWEST EMPLOYERS CASUALTY COMPANY, Plaintiff,**

v.

**EAST ALABAMA HEALTH CARE and Coastal Associates, Inc., Defendants.**

**Civil Action No. 95–D–176–E.**

United States District Court,
M.D. Alabama,
Eastern Division.

Oct. 2, 1996.

---

**18.** Haas's brief filed on October 7, 1994, at 10 · (Doc. no. 197).

Thomas R. Elliott, Jr., Laura Proctor, J. Thomas Burgess, Birmingham, AL, for plaintiff.

Phillip E. Adams, Jr., Opelika, AL, James E. Williams, Montgomery, AL, for defendants.

## MEMORANDUM OPINION AND ORDER

DE MENT, District Judge.

Before the court are Peggy Black's ("Black") motions to intervene on behalf of an indispensable party and to dismiss for failure to join an indispensable party, both filed August 15, 1996. Plaintiff, Midwest Employers Casualty Company ("Midwest"), filed its opposition brief to Black's motions on August 29, 1996. Black then filed her brief in support of her motions on September 9, 1996, and Midwest filed a reply thereto on September 10, 1996. Black filed a rejoinder to Midwest's reply on September 26, 1996. After careful consideration of the arguments of counsel, the relevant case law and the record as a whole, the court finds that Black's motions are due to be denied.

## STATEMENT OF FACTS AND PROCEDURAL HISTORY

Black seeks to intervene in an action for declaratory judgment filed by Midwest on February 7, 1995, against East Alabama Health Care, Inc. ("East Alabama") and Coastal Associates, Inc. ("Coastal"). The action arises out of a worker's compensation claim filed against East Alabama by Black. On April 15, 1992, Midwest and East Alabama entered a contract in which Midwest agreed to provide excess workers' compensation insurance coverage to East Alabama Health Care, who insured itself against workers' compensation claims up to $250,000. Compl. ¶ 1, Exhibit A. The terms of the agreement required East Alabama to give Midwest written notice of certain accidents. *Id.* East Alabama subsequently contracted with Coastal to serve as its third-party administrator of East Alabama's workers' compensation claims. Am.Compl. ¶ 5.

Black made a claim for worker's compensation benefits against East Alabama after she suffered an on-the-job injury on August 22, 1992. Compl. ¶ 10. Eventually, East Alabama made a demand on Midwest for coverage pertaining to Black's underlying claim. Pl.'s Compl. ¶ 10. However, Midwest contends that East Alabama and/or Coastal violated the policy terms by failing to provide proper notice as required in the policy. Pl.'s Compl. ¶¶ 13–14; Pl.'s Am.Compl. ¶ 8. Midwest further contends that because defendants' failed to provide "proper" notice, the defendants breached the contract, and, therefore, that East Alabama is not entitled to any benefits under the policy. *Id.*

Black, who learned of this action in July 1996, now wishes to intervene, arguing that she is an indispensable party in this matter with an interest that may be impaired or impeded by the present declaratory judgment action. Black's Mem.Br. in Supp. of her Mot. at 1, 6. Specifically, Black contends that she will be materially affected by the outcome of the declaratory action should Midwest prevail and should East Alabama ever become insolvent. *Id.* at 6–7.

## DISCUSSION

### I. Motion to Intervene

In a declaratory action, "all parties having an interest therein or adversely affected must be made parties or be cited." F.R.Civ.P. 57, Commentary at 201. In the instant case, Black claims that she is an "indispensable party" with an "interest" in the declaratory action, and, consequently, she should be permitted to intervene in the action. *See* Black's Mem.Br. in Supp. of Mot. to Intervene. Rule 24 of the Federal Rules of Civil Procedure governs intervention.[1] Black may choose to invoke intervention of right or permissive intervention, but it appears she seeks to travel primarily under Rule 24(a)(2). Rule 24(a)(2) allows an applicant to intervene as a matter of right when she has an interest that "is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties." F.R.Civ.P. 24(a)(2).

### A. Intervention as of Right

■■■ A party seeking to intervene as of right under Rule 24(a)(2) must show the following four requirements:

(1) [Her] application to intervene is timely; (2) [s]he has an interest relating to the property or transaction which is the subject of the action; (3) [s]he is so situated that disposition of the action, as a practical matter, may impede or impair [her] ability to protect that interest; and (4) [her] interest is represented inadequately by the existing parties to the suit.

*Chiles v. Thornburgh*, 865 F.2d 1197, 1213 (11th Cir.1989); *see also ManaSota–88, Inc. v. Tidwell*, 896 F.2d 1318, 1321 (11th Cir. 1990). The court finds that although Black's motion may have been timely and that, arguably, she may have an interest in the declara-

tory action, her interest does not rise to the level of a "protectable interest," does not stand to be impaired, and is more than adequately represented by existing parties to the suit.

### 1. Timeliness

■■ Black argues that her motion to intervene is timely in that she filed it almost immediately after she learned of the declaratory action. However, in determining the issue of timeliness, the court must consider not only the length of time Black knew of the pending action, but also the extent to which Black will be prejudiced if her motion is denied and "the existence of unusual circumstances militating either for or against a determination that [her] motion was timely." *Chiles*, 865 F.2d at 1213.

In the instant case, Midwest contends that "due to the advanced stage of the litigation," it will be unduly burdened in having to revisit matters already covered. Midwest claims that allowing Black to intervene would necessitate restarting the discovery process, thereby prolonging this action for an additional year. Midwest also contends that any interest Black may have is outweighed by the burden her "late" intervention would cause. The court finds that although allowing Black to intervene at this late date would undoubtedly place a considerable burden on the parties, that burden is insufficient to outweigh any genuine protectable interest Black may have.

### 2. Protectable Interest and Impairment

■■ The Supreme Court has held that under Rule 24(a)(2), an "interest" means a "significantly protectable interest." *Donaldson v. United States*, 400 U.S. 517, 531, 91 S.Ct. 534, 542, 27 L.Ed.2d 580 (1971). The interest must be one that is "direct, substantial, [and] legally protectable" and the puta-

---

1. In her motion to *intervene* and supporting brief, Black uses the term "indispensable" party, language evocative of Rule 19(b); however, in her motion to intervene, Black never specifically cites Rule 19 or states that she is attempting to proceed under Rule 19. Rule 24(a)(2) was amended to allow an applicant to intervene in an action "when [her] position is comparable to that of a person under Rule 19(a)(2)(I)," which re-

quires compulsory joinder when an absent party's interests may be impaired or impeded. F.R.Civ.P. 24, Commentary at 104. "The Rule 19(a)(2)(I) criterion imports practical considerations." *Id.* Consequently, the court construes Black's language as an attempt to establish, pursuant to Rule 24(a)(2) Commentary, that her position is comparable to that of a person under Rule 19(a)(2)(I).

tive intervenor "must be 'at least a real party in interest in the transaction which is the subject of the proceeding.'" *ManaSota–88*, 896 F.2d at 1321 (citing *Athens Lumber Co., Inc. v. Federal Election Com'n*, 690 F.2d 1364, 1366 (11th Cir.1982)). The Eleventh Circuit has yet to address the specific question of whether an injured party has a direct action against a reinsurer, but the Alabama Supreme Court has held that where an insurer has become insolvent and the reinsurer must make excess payments, the reinsurer is only under a duty to reimburse the insurer and not the injured party. *Melco System v. Receivers of Trans–America Ins. Co.*, 268 Ala. 152, 105 So.2d 43, 46 (1958).

Black has a protectable interest in receiving workers' compensation payment, and she attempts to extend that interest by positing the following scenario: *if* East Alabama becomes insolvent or *if* East Alabama sells its assets to a third party which does not assume East Alabama's liability, *then* under the contract between East Alabama and Midwest, Midwest becomes obligated to pay any workers' compensation benefits in excess of $250,000. *If*, however, Midwest prevails in this declaratory action and East Alabama is found to have no coverage under the excess policy, *then* Black will have no other entity to look to for payment of her workers' compensation benefits, *if* East Alabama becomes insolvent or *if* East Alabama should happen to sell its assets and not its debts.

Midwest argues that Black's only interest is to receive workers' compensation benefits and that East Alabama's obligation to pay those benefits continues whether or not a court finds coverage under the Midwest excess policy.[2] Additionally, Midwest cites *Melco System* for the proposition that an injured party does not have a direct action against the reinsurer, but rather the insurer, as the beneficiary of any indemnity or reimbursement, has a direct action against the reinsurer. *See* 105 So.2d at 46. Midwest contends that its excess indemnity agreement with East Alabama was a contract of reinsurance, and, therefore, made for the exclusive benefit of East Alabama. Midwest argues that Black's interests, based on the outside possibility that East Alabama may one day be insolvent or that East Alabama may sell its assets and not its liabilities, are remote and contingent. The court finds Midwest's arguments persuasive.[3] Although Black may certainly be interested in the outcome of the declaratory action, the court finds that her interest does not rise to the level of a significant interest, and therefore, that her interest is not in danger of impairment absent intervention.

### 3. Representation

Even if Black's interest were protectable and were in danger of being impaired or impeded by the declaratory action, there is no reason to doubt that her interest will be adequately represented by the named defendants. East Alabama and Coastal Associates have the same objective as Black: persuading the factfinder that there is coverage under the East Alabama/Midwest agreement. East Alabama, who must continue to pay benefits to Black directly, has every incentive to defend vigorously the declaratory action so that it may be reimbursed for any excess payments. Similarly, Coastal Associates could find itself liable to East Alabama if the triers of fact finds that Coastal failed to give Midwest proper notice, pursuant to the contract between East Alabama and Coastal.[4]

---

**2.** Midwest also argues that Black's interest in continuing to receive benefit payments will be protected by §§ 25–5–250, et seq., which provides that the Alabama Workmen's Compensation Self–Insurers Guaranty Association will continue to pay claims against members of the association who · become insolvent. Ala.Code (1992). Black rebuts this contention by asserting that just as in her case, the Association could look to Midwest for payment of her excess benefits, and therefore, that she could still find herself in the position of receiving direct benefits from Midwest. The court finds that neither of these arguments particularly affects the ultimate

issue underlying Black's claim of a protectable interest: whether she has a direct action against the reinsurer, Midwest.

**3.** The court, on proper application, would look with a jaundiced eye on a sale of assets only, which resulted in the unsecured creditors of East Alabama being left without a remedy.

**4.** The court notes that East Alabama has not yet filed any suit or made any claim against Coastal Associates, Inc.

The defendants have actively litigated this case since being served with Midwest's Complaint. Black has not alleged nor does the record evince any collusion between the defendants and Midwest, any adversity to Black's position, or any lack of competency on the defendants' parts. *See Florida Power & Light Co. v. Belcher Oil Co.*, 82 F.R.D. 78, 81 (S.D.Fla.1979). The court finds that Midwest and Coastal can be expected to defend this lawsuit in a skillful manner and ensure that Black's interests are adequately represented.

Black has thus failed to establish the second and fourth requirements of the test described in *Chiles*, 865 F.2d at 1213, protectable interest and inadequate representation, respectively. Black may not intervene as a matter of right in this action.

### B. Permissive Intervention

 Even though Black appears to be pursuing intervention as a matter of right, she states in her rejoinder that the court, utilizing its discretion, should make her a party, "even though technically she may not be an indispensable or necessary party." Black's Resp. to Reply of Midwest to Black's Mem.Br. at 5. Rule 24(b)(2) of the *Federal Rules of Civil Procedure* permits an applicant to intervene in an action where a federal statute confers such a right or where an applicant's claim or defense and the main action have a common question of law or fact. Such intervention is to be granted at the discretion of the court. F.R.Civ.P. 24(b)(2); *see also ManaSota–88*, 896 F.2d at 1323. "In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties." *Athens Lumber*, 690 F.2d at 1367.

First, the court notes that it is not altogether convinced that Black's claim shares a common question of law or fact with this declaratory action. Black is making a claim against her employer for workers' compensation benefits as a result of her on-the-job injury; Midwest is attempting to avoid the enforcement of a contract it considers breached. Although certainly there is a common theme of workers' compensation and a common defendant, i.e., East Alabama, Midwest's and Black's claims appear to be separate questions of law and fact.

Second, as discussed previously, allowing Black to enter into this action three weeks prior to the scheduled trial date of October 21, 1996, would create a tremendous burden on the parties. Perhaps most significantly, the parties would be subject to another round of discovery and would perhaps be unable to obtain a new trial date for a year or more. Consequently, the court finds that allowing Black to intervene in this declaratory action would create undue delay and hardship for Midwest, East Alabama and Coastal Associates, the original parties in this action, and therefore, Black's motion for permissive intervention is due to be denied.

### II. Motion to Dismiss for Failure to Join an Indispensable Party

Black moves the court to dismiss this action for failure to join an indispensable party. Rule 19 allows joinder of a party where that party's interest is so situated that it may be impaired or impeded in that party's absence. F.R.Civ.P. 19(a)(2)(I). However, the court's earlier analysis under Rule 24(a)(2) [5] makes it clear that Black's interest is not protectable nor does it stand to be impaired. Therefore, she is neither a necessary nor an indispensable party. Consequently, Black's Motion to Dismiss is due to be denied as moot.[6]

---

5. *See supra* note 1 and accompanying text (describing relationship between Rule 24(a)(2) and Rule 19(a)(2)(I)).

6. The court also agrees with Midwest's observation that Black does not have standing to move for dismissal when she has not yet been made a party to this action.

## CONCLUSION

In accordance with the foregoing opinion, it is CONSIDERED and ORDERED that Black's Motion to Intervene be and the same is hereby DENIED.

It is further CONSIDERED and ORDERED that Black's Motion to Dismiss be and the same is hereby DENIED as moot.