[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-15115
Non-Argument Calendar
_____

D.C. Docket No. 5:12-cv-00026-WLS-CHW

WASEEM DAKER,

Movant-Appellant,

LESTER J. SMITH,

Plaintiff,

versus

BRIAN OWENS,
Commissioner of GDOC in his official
and individual capacities,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Georgia
_____

(April 3, 2020)

Before WILSON, BRANCH, and ANDERSON, Circuit Judges.

PER CURIAM:

Waseem Daker, *pro se*, appeals the district court's denial of his motion to intervene pursuant to Rule 24 of the Federal Rules of Civil Procedure in a fellow inmate's case challenging the Georgia Department of Corrections' ("GDC") grooming policy. Daker argues that the district court erred in finding his motion barred by the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915, and in denying his motion as untimely. For the following reasons, we affirm.

## I.    Background

Daker is no stranger to this court. Including this case, he has filed well over 150 appeals in our circuit alone, most of which are frivolous. *See also Daker v. Comm'r, Ga. Dep't of Corr.*, 820 F.3d 1278, 1281 (11th Cir. 2016) (noting that Daker is a "serial litigant who has clogged the federal courts with frivolous litigation" by "submit[ting] over a thousand *pro se* filings in over a hundred actions and appeals in at least nine different federal courts"). Because of this fact, we recently held that Daker was ineligible for *in forma pauperis* status under the PLRA through the "three strikes" provision for frivolous lawsuits, 28 U.S.C. § 1915(g).[1] *See Daker v. Jackson*, 942 F.3d 1252, 1257 (11th Cir. 2019) (holding

---

[1] In relevant part, the statute reads:

2

that Daker had at least seven strikes and was therefore ineligible for *in forma pauperis* status); 28 U.S.C. § 1915(g). As a result, Daker is required to pay normal filing fees for civil actions.[2]

In the instant case, rather than filing a complaint himself, Daker filed a motion to intervene as of right and, in the alternative, a motion for permissive intervention into a case brought by fellow inmate Lester Smith. *See* Fed. R. Civ. P. 24. Smith's case, brought in 2012 under the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. § 2000cc, et seq., challenged the constitutionality of GDC's one-half inch beard policy as infringing on all Muslim inmates' rights to practice their religion. GDC filed a motion for summary judgment, which the district court granted in February of 2014. Smith appealed the decision. In February of 2017, we vacated the district court's decision based on *Holt v. Hobbs*, 574 U.S. 352 (2015)—issued during the pendency of the appeal—

---

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915.

[2] An exception exists for situations where Daker is in imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g). This exception is inapplicable in this appeal. *See* note 4, *infra*.

and remanded the case for reconsideration in light of *Holt*. *See generally Smith v. Owens*, 848 F.3d 975 (11th Cir. 2017).

On June 8, 2017, over five years since the case was filed, Daker moved to intervene in Smith's case. In the motion to intervene, Daker alleged that his religious beliefs require he wear a fist-length beard, but that the prison had forcibly shaved him and punished him in various ways for violating the grooming policy. Daker argued that he met the requirements of Rule 24 of the Federal Rules of Civil Procedure[3] and thus could intervene as of right.[4]

The district court denied Daker's motion to intervene. The district court found that the PLRA precludes a prisoner from intervening under Rule 24 in another prisoner's action, and also that Daker's motion to intervene was untimely. Daker timely appealed the district court's denial.

## II.    Jurisdiction & Standard of Review

---

[3] In relevant part, the statute reads:

On timely motion, the court must permit anyone to intervene who:
(1) is given an unconditional right to intervene by a federal statute; or
(2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24.

[4] Daker also argued that he could permissibly intervene because his motion was timely, he was similarly situated to Smith, and he has a similar interest as Smith. Additionally, Daker asserted that he was in imminent danger of serious physical injury due to the unnecessary uses of force against him to shave. These contentions are not before us on appeal.

4

We have only provisional jurisdiction to determine whether the district court erred in denying a motion to intervene as of right. *Chiles v. Thornburgh*, 865 F.2d 1197, 1212 (11th Cir. 1989).  If we conclude the district court was correct, our jurisdiction disappears "because the proper denial of leave to intervene is not a final decision," and we must dismiss the appeal. *Id.*  Our review of the denial of a motion to intervene as of right is *de novo*. *Tech. Training Assocs., Inc. v. Buccaneers Ltd. P'ship*, 874 F.3d 692, 695 (11th Cir. 2017).

### III.    Discussion

Daker argues that the district court erred in denying his motion to intervene because (1) the PLRA does not prohibit a prisoner from intervening in another prisoner's lawsuits, and (2) he had a right to intervene.  We need not address the first argument, as we find Daker has failed to meet the requirements under Rule 24 for intervention in this case.

An applicant seeking to intervene as a matter of right under Rule 24 must meet four requirements:

> (1) The application must be timely;
> (2) the applicant must have an interest relating to the property or transaction which is the subject of the action;
> (3) the applicant must be so situated that disposition of the action, as a practical matter, may impede or impair his ability to protect that interest; and
> (4) the applicant must demonstrate that his interest is represented inadequately by the existing parties to the suit.

5

*Athens Lumber Co. v. Fed. Election Comm'n*, 690 F.2d 1364, 1366 (11th Cir.

1982) (footnote omitted); *see also* Fed. R. Civ. P. 24(a)(2).  When two parties are

similarly situated and have the same objective, the proposed intervenor's right is

adequately represented.  *Athens Lumber Co.*, 690 F.2d at 1366.

Here, there is no distinction between Daker and Smith's interest in the

outcome of the case that entitles Daker to intervene as a matter of right.  Daker, by

his own admission, seeks the same relief as Smith with the same motivation: the

religious freedom as a Muslim GDC inmate to wear a beard longer than current

GDC policy allows.  Smith adequately represents that interest.

Daker argues that Smith does not adequately represent his interest because

the two inmates may employ different litigation strategies and Daker has better

evidence regarding the consequences of not complying with the grooming policy.

We are not persuaded.  The case upon which Daker relies, *Chiles*, examined

whether an intervenor's rights would be inadequately represented through a

different litigation strategy only because the intervenor's interest was "similar to,

but not identical with," the plaintiff.  865 F.2d at 1214.  In fact, the *Chiles* court

found that a second intervenor with an "identical" interest to the plaintiff could not

show that the representation by the plaintiff would be inadequate to protect its

interests.  *Id*. at 1215.  Thus, *Chiles* supports our determination that, because

Daker's and Smith's interests are perfectly aligned, Daker's interest in the outcome

6

of the case against GDC's grooming policy will be adequately represented by Smith notwithstanding any differences in litigation strategies each party may employ.

For these reasons, Daker has not satisfied the requirements under Rule 24 to intervene as a matter of right, and the district court properly denied his motion. We therefore lack jurisdiction to consider the rest of his appeal.

**AFFIRMED** and **DISMISSED.**