[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-14458
Non-Argument Calendar
_____

D.C. Docket No. 5:15-cv-00041-MTT-CHW

TIMOTHY DENVER GUMM,

                                                    Plaintiff,

WASEEM DAKER,

                                      Interested Party-Appellant,

versus

RICK JACOBS,
Field Operations Manager, GDCP,
WARDEN,
RODNEY MCCLOUD,
Superintendent, GDCP,
WILLIAM POWELL,
Deputy Warden of Security, GDCP,
JUNE BISHOP, et al.,

                                      Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Georgia
_____

(June 17, 2020)

Before WILSON, BRANCH, and ANDERSON, Circuit Judges.

PER CURIAM:

Waseem Daker, a Georgia prisoner proceeding *pro se*, appeals the district court's denial of his motion to intervene in a 42 U.S.C. § 1983 action filed by Timothy Gumm.  Daker argues that the district court erred in concluding that he was not entitled to intervention as of right because he did not have a sufficient interest in Gumm's lawsuit and that the district court erred in concluding that he was not entitled to intervene because the Prison Litigation Reform Act ("PLRA") barred him from doing so without paying a filing fee.  After review, we affirm the denial of the motion to intervene, and we therefore dismiss the appeal for lack of jurisdiction.

I.    Background

Gumm, a prisoner at the Georgia Diagnostic & Classification Prison, filed a § 1983 civil rights complaint against several prison officials (collectively, "GDCP").  Gumm subsequently filed a second amended complaint on behalf of himself and a class of similarly situated persons, in which he alleged that by

2

placing him and other similarly situated prisoners in Special Management Unit ("SMU") Tier III confinement, the GDCP deprived them of procedural and substantive due process, in violation of the Fourteenth Amendment, and subjected them to cruel and unusual punishment, in violation of the Eighth Amendment.[1]

Daker, a prisoner at the Georgia State Prison ("GSP"), filed a motion for intervention as of right in the proceedings or, alternatively, for permissive intervention. Daker stated as follows regarding the facts underlying his motion. Daker was initially placed in the SMU Tier III segregation at the GDCP without notice or a hearing after he was sentenced. As a result, Daker was unable to access a law library or attend religious services, unlike other prisoners. Daker was then placed in Tier II segregation, which involved substantially similar conditions and procedures to Tier III, which designation he claimed was in retaliation for a lawsuit he filed in 2012. Daker is eligible to be returned to Tier III status at any time, as he was an offender of notoriety.

In support of his motion to intervene as of right, Daker argued that he met the criteria which entitled him to intervene.[2] Relevant to this appeal, Daker argued

---

[1] This amended complaint came after Gumm was appointed counsel from the Southern Center for Human Rights.

[2] The Federal Rules provide that a party has a right to intervene in a case where the party "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24.

that he had a substantial and legally protectible interest in Gumm's lawsuit because he was previously on Tier III confinement, was currently on Tier II confinement, albeit at a different prison, and was challenging the same policies that were at issue in Gumm's lawsuit. Daker also argued that Gumm did not adequately represent his interests because Gumm had a different litigation strategy and was focused on due process and Eighth Amendment claims, whereas Daker's claims were rooted in the First Amendment.

GDCP opposed Daker's motion to intervene. After Daker responded to GDCP's opposition, a magistrate judge issued a report and recommendation ("R&R") that recommended the denial of Daker's motion to intervene because he was not entitled to intervention as of right and permissive intervention was not appropriate.[3]

Daker objected to the R&R, asserting that he was entitled to intervention as of right because he was challenging the same Tier III conditions as Gumm, as well as his nearly-identical Tier II conditions, and that upholding the conditions of Tier III would likely also set a precedent for Tier II. Daker also contended that Gumm

---

[3] The magistrate judge concluded, in part, that Daker did not satisfy Rule 24's requirements for intervention as of right because he did not have an interest in the outcome of Gumm's lawsuit. Specifically, the magistrate judge explained that Gumm and Daker presented fundamentally different challenges because Gumm was challenging his Tier III confinement at GDCP whereas Daker was challenging his Tier II confinement at GSP, a different prison. The magistrate judge also explained that, to the extent that Daker challenged Tier III confinement based on the possibility that he could be returned to such a confinement status in the future, he did not have an interest in the subject matter of Gumm's lawsuit.

did not adequately represent his interest because he may have had a different litigation strategy and the case was not yet a class action lawsuit. Over Daker's objections, the district court adopted the R&R and denied Daker's motion to intervene. Daker appealed.

## II.    Standard of Review

We have provisional jurisdiction under the "anomalous rule" to review an order denying intervention. *Fed. Sav. & Loan Ins. Corp. v. Falls Chase Special Taxing Dist.*, 983 F.2d 211, 214 (11th Cir. 1993). If the district court's decision was correct, we must dismiss the appeal for lack of jurisdiction. *See id.* If the district court erred in denying a motion to intervene, we retain jurisdiction and must reverse. *Id.*

We review a denial of a motion to intervene as of right *de novo* and subsidiary findings of fact for clear error. *Tech. Training Assocs., Inc. v. Buccaneers Ltd. P'ship*, 874 F.3d 692, 695 (11th Cir. 2017).

## III.    Discussion

Daker argues that the district court erred in denying his motion to intervene because (1) the PLRA does not prohibit a prisoner from intervening in another prisoner's lawsuits, and (2) he had a right to intervene. We decline to address the first argument, as Daker has failed to meet the requirements under Rule 24 for intervention in this case. *See Aaron Private Clinic Mgmt. LLC v. Berry*, 912 F.3d

5

1330, 1335 (11th Cir. 2019) (explaining that we may affirm on any ground supported by the record).

A party seeking to intervene as of right under Rule 24(a)(2) must show that: (1) his application to intervene is timely; (2) he has an interest relating to the property or transaction which is the subject of the action; (3) disposition of the action may, as a practical matter, impair his ability to protect that interest; and (4) his interest is represented inadequately by the existing parties to the litigation. *Chiles v. Thornburgh*, 865 F.2d 1197, 1213 (11th Cir. 1989).  When a party fails to establish one of the prerequisites for intervention as of right, it is unnecessary for us to analyze any of the remaining prerequisites.  *Worlds v. Dep't of Health & Rehab. Servs.*, 929 F.2d 591, 595 (11th Cir. 1991) (declining to address the fourth prerequisite because appellant had failed to make the required showing as to the third prerequisite).

Here, we find that the district court properly denied Daker's motion to intervene as of right because (1) Daker did not have an interest in the subject matter of the underlying litigation, and (2) Daker failed to demonstrate that Gumm would inadequately represent any interests Daker may develop in the future.[4]

---

[4] Since Daker's motion for permissive intervention was not briefed, we do not address it. Issues not briefed on appeal by a *pro se* litigant are deemed abandoned. *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008).

In order to have a sufficient interest in an existing lawsuit, a would-be intervenor must have a "direct, substantial, legally protectable interest" in the lawsuit.  *Purcell v. BankAtlantic Fin. Corp.*, 85 F.3d 1508, 1512 (11th Cir. 1996). A would-be intervenor satisfies this requirement when his interests are "practically indistinguishable from those of the plaintiff[]" where the suit in question is not a class action.  *Worlds*, 929 F.2d at 594.  "[A]n intervenor's interest must be a particularized interest rather than a general grievance."  *Chiles v. Thornburgh*, 865 F.2d 1197, 1212 (11th Cir. 1989); *see also* Fed. R. Civ. P. 24.

Here, Daker does not have an interest in litigation about Tier III conditions because he is not incarcerated in Tier III conditions.  To the extent he claims that the conditions are similar enough to Tier II conditions to give him an interest, he has not identified a "particularized interest" but rather a "general grievance" about prison policies not specific to the underlying litigation.  *Chiles*, 865 F.2d at 1212; *see also Athens Lumber Co. v. Fed. Election Comm'n*, 690 F.2d 1364, 1366 (11th Cir. 1982) (holding that a business did not have a particularized interest in a fellow business' litigation with the FEC where the business' "interest is shared with all unions and all citizens concerned about the ramifications" of the lawsuit).

Second, even if Daker did have an interest in the underlying lawsuit based on his potential to be re-classified as Tier III, he has not demonstrated that Gumm will not adequately represent his interest.  When two parties are similarly situated

7

and have the same objective, the proposed intervenor's right is adequately represented. *Athens Lumber Co*., 690 F.2d at 1366. If Daker returns to Tier III, his interest would be identical to that of Gumm, foreclosing the need to intervene. *Chiles*, 865 F.2d at 1215 (finding that "[t]he duplicative nature of the claims and interests" between proposed intervenors and plaintiffs "threatens to unduly delay the adjudication of the rights of the parties in the lawsuit and makes it unlikely that any new light will be shed on the issues to be adjudicated"). We also note that Gumm's case has been certified as a class action which class would encompass Daker were he returned to Tier III confinement.[5] For these reasons, Daker's potential interests are adequately represented.[6]

**DISMISSED.**

---

[5] Subsequent to Daker filing an appeal, Gumm and his class reached a settlement with the GDCP, which the district court approved. In its order approving the settlement, the district court defined Gumm's class as "all persons who are or in the future will be assigned to the facility currently known as the Special Management Unit at Georgia Diagnostic & Classification Prison, or who are or in the future will be assigned to the Tier III Program." The district court further noted that the settlement was binding on the GDCP and its officers, agents, servants, and employees, as well as any other persons affiliated with the GDCP who received actual notice of the settlement. That Gumm's case is now a class action only bolsters our conclusion that intervention is inappropriate.

[6] Daker argues on appeal that his litigation strategies would be different from Gumm's and that the substance of the claims are different. But Daker, who is proceeding *pro se*, has failed to show any actual litigation strategies that he would employ that are insufficiently represented by the attorneys from the Southern Center for Human Rights, an organization familiar with this type of litigation. And if Daker's claims are truly different in substance from Gumm's, then he does not have an interest in the underlying lawsuit—he cannot have it both ways.

8