**ACE AMERICAN INSURANCE CO., as successor in interest to and on behalf of Cigna Insurance Company, Plaintiff,**

v.

**PARADISE DIVERS, INC., Defendant.**

No. 02–10054–CIV.

United States District Court,
S.D. Florida,
Key West Division.

June 6, 2003.

sition.

David J. Horr, Esq., Jonathan W. Skipp, Esq., Horr, Novak & Skipp, Miami, FL, for Plaintiff.

Michelle M. Niemeyer, Esq., Coconut Grove, FL, for Defendant.

### ORDER DENYING MOTION TO INTERVENE

K. MICHAEL MOORE, District Judge.

THIS CAUSE came before the Court upon third-party Kevin Upmal's Motion to Intervene (DE # 28).

The Court has jurisdiction under 28 U.S.C. § 1333, which governs admiralty and maritime disputes. Upmal makes his motion to intervene as of right under Fed.R.Civ.P. 24(a) and, alternatively, to intervene with the Court's permission under Fed.R.Civ.P. 24(b).

Plaintiff Ace American Insurance Company ("Ace American"), successor in interest to Cigna Insurance Company, brought this action for declaratory judgment against Defendant Paradise Divers, Inc. ("Paradise Divers"). The request for declaratory relief revolves around a marine insurance policy issued by Ace American to Paradise Divers. Upmal is not a named party to the policy agreement. The specific dispute between the parties is whether that policy provides coverage to Paradise Divers for liability related to injuries sustained by Upmal, a Paradise Divers employee, while "free diving" in open water near Marathon, Florida on June 29, 2000. Paradise Divers filed counterclaims against Ace American for breach of contract, breach of fiduciary duty and common law fraud (DE # 24). Upmal has filed a separate action against Paradise Divers in the Sixteenth Judicial Circuit in and for Monroe County, Florida, alleging Jones Act negligence, breach of implied warranty of seaworthiness, and failure to provide maintenance, cure and unearned wages.

The Eleventh Circuit employs a four-part test for intervention that is drawn directly from Fed.R.Civ.P. 24(a). A party can intervene as of right by establishing that:

(1) his application to intervene is timely; (2) he has an interest relating to the property or transaction which is the subject of the action; (3)he is so situated that disposition of the action, as a practical matter, may impede or impair his ability to protect that interest; and (4) his interest is represented inadequately by the existing parties to the suit.

*Loyd v. Ala. Dep't of Corrections,* 176 F.3d 1336, 1339–40 (11th Cir.1999). "Once a party establishes all the prerequisites to intervention, the district court has no discretion to deny the motion." *United States v. Georgia,* 19 F.3d 1388, 1393 (11th Cir.1994).

Both Ace American and Paradise Divers concede that Upmal satisfies the timeliness requirement. Only Paradise Divers, however, further concedes that Upmal has an interest in the subject of this action and that the disposition of such may impair or impede his ability to protect that interest, the second and third of the four requirements. Because the Court agrees with Ace American and finds that Upmal fails to show that he maintains an interest in the subject of this action, the second prong, a review of the other requirements for intervention is unnecessary.

### Applicant Must Have an Interest in the Subject of the Action

■ Upmal's contingent interest in the present action is insufficient to satisfy the

second of the four requirements for intervention as of right as to both Ace American's declaratory action and Paradise Divers' counterclaims. The Eleventh Circuit in *United States v. South Florida Water Management District,* 922 F.2d 704 (11th Cir.1991), held that an intervenor must have a legally protectable interest in the outcome of the litigation. "To support intervention, a nonparty's interest must be direct, substantial, [and] legally protectable." *Id.* at 707 (internal quotations omitted) (alteration in original). A mere economic interest is insufficient. *Id.* at 710 ("By requiring that the applicant's interest be ... 'legally protectable,' it is plain that something more than an economic interest is necessary.").

In *South Florida Water Management,* the court allowed a group of farm corporations and agricultural organizations to intervene as of right as to one count of the plaintiff's complaint, but denied intervention as to the remaining claims. The court found the limited intervention necessary to afford the intervenors an opportunity to participate in the district court's interpretation of a state regulation where the group of intervenors had a legal and enunciated right under the relevant Florida law to participate in administrative proceedings interpreting the regulation and would be directly affected by the court's interpretation. *Id.* at 708. The court, however, denied the parties' motion to intervene in causes of action between the United States and the defendant for violations of state law and breach of contract because they failed to assert a legal or property right in the claims alleged. *Id.* at 710 (denying in part motion to intervene "does not mean that the [applicant's] economic livelihood is unimportant. It only means that the [applicant] must show that the present proceedings threaten some substantive legal protection for their livelihood to support intervention by right.").

Here, Upmal's interests, while certainly not unimportant, are affected only speculatively, and at that only economically, by the present action. Upmal's possessing a stake in this action is contingent on first obtaining a judgment against Paradise Divers and not based on a legally protected ground. *Indep. Petrochemical Corp. v. Aetna Cas. & Sur. Co.,* 105 F.R.D. 106, 110–11 (D.D.C.1985) ("Until the tort claimants have obtained a judgment against these plaintiffs, their interest in the subject matter of this litigation is purely hypothetical. Absent a present, non-contingent interest in the insurance policies at issue in the underlying declaratory judgment action, the tort claimants lack the 'significantly protectable interest' required for intervention as of right ...."). The disposition of the declaratory judgment action and Paradise Divers' claims for breach of contract, breach of fiduciary duty and common law fraud will have little effect on Upmal aside from indirectly increasing the coffers from which Paradise Divers could pay Upmal should a judgment be issued in his favor against the company. As discussed above, a mere economic interest will not support intervention. Consequently, Upmal has no recognizable interests to protect in the litigation of these claims.[1]

### Permissive Intervention

A Court may permit intervention under Fed.R.Civ.P. 24(b)(2) when "an applicant's claim or defense and the main action have a question of law or fact in common." The Rule continues, "[i]n exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties."

█ The facts and law at issue in the present action involve whether Ace American is responsible for insurance coverage to Paradise Divers under the parties' agreement and Paradise Divers' counterclaims relating to Ace American's conduct and communications with Paradise Divers after being notified of Upmal's accident. While these claims obviously take root in Upmal's accident, the issues of fact and law surrounding them vary significantly from any claims Upmal may wish to assert, including those alleged in his state court action. Moreover, the process of resolving these issues would gain nothing by

---

1. Because the Court finds that Upmal lacks a legally protectable interest under *South Florida Water Management,* it is unnecessary to determine if Florida's direct action statute, Fla. Stat. § 627.4136, bars Upmal's intervention, as asserted by Ace American.

**540**

Upmal's intervention. On the contrary, allowing Upmal to intervene in this action would unnecessarily cloud the Court's interpretation of the claims as sought by the original parties and add collateral issues that are irrelevant to the present action.

### Indispensable Party

█ Upmal lastly argues that intervention is proper to prevent a dismissal of the declaratory action for failure to join an indispensable party under Fed.R.Civ.P. 19(a). However, both Upmal and Paradise Divers share the ultimate objective of obtaining a declaration of coverage under the insurance policy. *Int'l Tank Terminals, Ltd. v. M/V Acadia Forest,* 579 F.2d 964, 967 (5th Cir.1978) ("When the party seeking intervention has the same ultimate objective as a party to the suit, a presumption arises that its interests are adequately represented, against which the petitioner must demonstrate adversity of interest, collusion, or nonfeasance."). Given Paradise Divers' strenuous opposition to Ace American's position of lack of liability coverage, any interests Upmal may have in this case are adequately represented by Paradise Divers. Upmal is not an indispensable party to this action. Accordingly,

UPON CONSIDERATION of the motion and the pertinent portions of the record, and being otherwise fully advised in the premises, it is

ORDERED AND ADJUDGED that Upmal's Motion to Intervene (DE # 28) is DENIED. It is further

ORDERED AND ADJUDGED that Upmal's Motion to Dismiss (DE # 29) is DENIED as moot.