[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
September 20, 2005
THOMAS K. KAHN
CLERK

_____

No. 05-12239
Non-Argument Calendar

_____

D. C. Docket No. 04-01522-CV-ORL-KRS

MT. HAWLEY INSURANCE CO.,
a foreign corporation,

Plaintiff-Appellee,

versus

SANDY LAKE PROPERTIES, INC.,
a dissolved Florida corporation, et al.,

Defendants,

ANDRE RIGAUD, as personal representative
of the Estate of Kendel Rigaud,

Movant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(September 20, 2005)

Before BLACK, HULL and PRYOR, Circuit Judges.

PER CURIAM:

Andre Rigaud, as personal representative of the Estate of Kendel Rigaud, appeals the district court's denial of his motion to intervene in the declaratory action that Mt. Hawley Insurance Co. filed against Muria International, Inc. and Sandy Lake Properties, Inc. After review, we affirm.

## I. BACKGROUND

Kendel Rigaud drowned at a property that had been owned and managed by Muria International and Sandy Lake Properties. Andre Rigaud, as personal representative of the Estate of Kendel Rigaud, then sued Muria International and Sandy Lake Properties, who were insured by a Mt. Hawley policy. Subsequently, Mt. Hawley filed a declaratory action against Muria International and Sandy Lake Properties. In its declaratory action, Mt. Hawley sought a judgment holding that Mt. Hawley owed no duty to defend or indemnify Muria International or Sandy Lake Properties in the wrongful death action brought against them in Florida state court by Andre Rigaud. Mt. Hawley's declaratory action asserted that Muria International's and Sandy Lake Properties's refusal to notify Mt. Hawley of the wrongful death action and refusal to cooperate in their defense against the wrongful death action had so prejudiced Mt. Hawley that coverage under the Mt.

2

Hawley policy had been waived.[1]  Thus, the declaratory action involved an

insurance coverage dispute.

Muria International and Sandy Lake Properties, both of which are dissolved

Florida corporations, failed to respond to Mt. Hawley's declaratory judgment

action.  Subsequently, Mt. Hawley filed a motion for default judgment against

Muria International and Sandy Lake Properties.

Thereafter, Andre Rigaud, as personal representative of the Estate of Kendel

Rigaud, filed a motion to intervene in the declaratory judgment action.  Rigaud

moved to intervene as of right and by permission pursuant to Federal Rules of

Civil Procedure 24(a) & (b).[2]  Rigaud's motion argued that, contrary to Mt.

---

[1]Muria International was not actually a named insured on the Mt. Hawley policy.  Mt. Hawley thus argued alternatively that it had no duty to defend Muria International because Muria International was not covered under the policy.  We need not reach this issue to resolve this appeal.

[2]Federal Rules of Civil Procedure 24(a) & (b) provide in relevant part:
(a) Intervention of Right.  Upon timely application anyone shall be permitted to intervene in an action: . . . (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.
(b) Permissive Intervention.  Upon timely application anyone may be permitted to intervene in an action: . . . (2) when an applicant's claim or defense and the main action have a question of law or fact in common. . . . In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.
Fed. R. Civ. P. 24(a) & (b).

3

Hawley's assertions, Muria International and Sandy Lake Properties officials were cooperating in the defense of the wrongful death suit. Rigaud's motion also stated that Rigaud's counsel had notified Mt. Hawley of the wrongful death suit, and thus, Mt. Hawley could not be prejudiced by lack of notice.

On April 7, 2005, the district court denied Rigaud's motion to intervene. As to intervention as of right, the district court determined that Rigaud failed to assert a direct, substantial, legally protectable interest in the insurance coverage dispute that was the subject of the declaratory judgment action. As to permissive intervention, the district court determined that Rigaud failed to demonstrate a common question of law or fact between the wrongful death action and Mt. Hawley's declaratory judgment action.

The district court then entered a default order and judgment in favor of Mt. Hawley and against Muria International and Sandy Lake Properties. Rigaud appeals the district court's denial of his motion to intervene.[3]

## II. DISCUSSION

### A. Intervention as of Right

---

[3]Rigaud also appealed the district court's entry of a default judgment against Muria International and Sandy Lake Properties. This Court dismissed Rigaud's appeal for lack of jurisdiction. Mt. Hawley Ins. Co. v. Sandy Lake Props., Inc., No. 05-12508 (11th Cir. July 12, 2005).

On appeal, Rigaud argues that the district court erred in determining that he failed to show a direct, substantial, and legally protectable interest for intervention as of right.[4]

"Under Rule 24(a)(2), a party is entitled to intervention as a matter of right if the party's interest in the subject matter of the litigation is direct, substantial and legally protectable." Georgia v. United States Army Corps of Eng'rs, 302 F.3d 1242, 1249 (11th Cir. 2002). "The proposed intervenor must show that it has an interest in the subject matter of the suit, that its ability to protect that interest may be impaired by the disposition of the suit, and that existing parties in the suit cannot adequately protect that interest." Id. at 1250.

Rigaud argues that he has a direct, substantial, and legally protectable interest in the subject matter of the declaratory action because if Mt. Hawley owes neither a defense nor coverage to Muria International or Sandy Lake Properties, then Rigaud "will not have [a] pool or fund from which to recover his damages." We disagree.

This Court has held that a legally protectable interest "is something more than an economic interest." United States v. South Fla. Water Mgmt. Dist., 922

---

[4]This Court reviews de novo the district court's denial of a motion to intervene as of right. Georgia v. United States Army Corps of Eng'rs, 302 F.3d 1242, 1249 (11th Cir. 2002).

F.2d 704, 710 (11th Cir. 1991) (quotation marks and citation omitted). "What is required is that the interest be one which the <u>substantive</u> law recognizes as belonging to or being owned by the applicant." <u>Id.</u> (quotation marks and citation omitted). Thus, a legally protectable interest is an interest that derives from a legal right.[5]

In this case, Rigaud's interest in the subject matter of the declaratory action is purely economic. Rigaud is not a party to the Mt. Hawley insurance policy and has no legally protectable interest in that insurance policy. Rigaud fails to cite any <u>legally</u> protectable interest and states only that there will be less money available from which he can recover his wrongful death damages if Mt. Hawley is released from defending and providing coverage to Muria International and Sandy Lake Properties. Further, Rigaud's interest is purely speculative because it is contingent upon his prevailing against Muria International and Sandy Lake Properties in the wrongful death action.[6]

_____

[5]For example, in <u>South Florida Water Management</u>, 922 F.2d at 708-09, this Court allowed a group of farming corporations and organizations to intervene as of right to afford the intervenors an opportunity to participate in the district court's interpretation of a state regulation. The farming corporations and organizations had a legal right under the relevant Florida law to participate in administrative proceedings interpreting the regulation. If the district court had not allowed intervention, the farming corporations and organizations would have been deprived of their legal right to participate in the interpretation of the regulation.

[6]Although there is no case directly on point from this Court, several district courts from our circuit have addressed whether an interest contingent upon the outcome of other pending litigation is a legally protectable interest, and relying on this Court's decision in <u>South Florida</u>

Following our precedent, we conclude that the district court did not err in determining that Rigaud does not have a legally protectable interest in the subject matter of the declaratory action. Accordingly, the district court did not err in denying Rigaud's motion for intervention as of right.

## B.    Permissive Intervention

Rigaud next argues that the district court abused its discretion in determining that there was no common question of law or fact between the wrongful death action and Mt. Hawley's declaratory judgment action.[7]

_____

Water Management, those district courts have decided the issue the same way we do today.

For example, in Ace American Insurance Co. v. Paradise Divers, Inc., 216 F.R.D. 537, 538 (S.D. Fla. 2003), the dispute between the insurer and Paradise Divers was whether the insurance policy provided coverage to Paradise Divers for liability arising out of work-related injuries sustained by employee Kevin Upmal. The district court, relying on South Florida Water Management, determined that Upmal's interests were both speculative and purely economic. Specifically, the district court stated: "Here, Upmal's interests, while certainly not unimportant, are affected only speculatively, and at that only economically, by the present action. Upmal's possessing a stake in this action is contingent on first obtaining a judgment against Paradise Divers and not based on a legally protected ground." Id. at 539; see also HealthSouth Corp. Ins. Litig., 219 F.R.D. 688, 692 (N.D. Ala. 2004) ("Here, Movants' interest in securing a pool of insurance money to draw upon is not only purely economic, but also theoretical, considering no judgments have been obtained against the insureds."); Midwest Employers Cas. Co. v. East Ala. Health Care, 170 F.R.D. 195, 198 (M.D. Ala. 1996) (recognizing movant's interest in insurance proceeds and in the outcome of the declaratory action, but stating that the interest "does not rise to the level of a significant interest"). But see TIG Speciality Ins. Co. v. Financial Web.com, Inc., 208 F.R.D. 336, 338 (M.D. Fla. 2002) ("[I]f this Court declares that the insurance policy is void in the present suit, a significant source of recovery for the intervenors would become extinct; therefore, the Court finds that the intervenors have a direct, significant legal interest in the insurance policy.").

[7]We review for abuse of discretion the district court's denial of a motion for permissive intervention. Georgia v. United States Army Corps of Eng'rs, 302 F.3d at 1249.

7

"Permissive intervention under Fed. R. Civ. Proc. 24(b) is appropriate where a party's claim or defense and the main action have a question of law or fact in common and the intervention will not unduly prejudice or delay the adjudication of the rights of the original parties." Georgia v. United States Army Corps of Eng'rs, 302 F.3d at 1250.

The lack of cooperation that Mt. Hawley asserts in the declaratory judgment action is irrelevant to the issue of fault in the wrongful death action. Specifically, the primary issue in the declaratory judgment action is whether Mt. Hawley owes insurance coverage to Muria International and Sandy Lake Properties under the insurance agreement. The issue of insurance coverage is unrelated to the issue of fault in the wrongful death action. Further, we do not see how Rigaud's intervention will help resolve the issue of whether Muria International and Sandy Lake Properties are entitled to insurance coverage pursuant to a policy with Mt. Hawley. Thus, the district court did not abuse its discretion in denying Rigaud's motion for permissive intervention.

### III. CONCLUSION

For the foregoing reasons, we affirm the district court's denial of Rigaud's motion for intervention.

**AFFIRMED.**