[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-13271
_____

D.C. Docket No. 6:16-cv-01875-PGB-KRS


DEVELOPERS SURETY & INDEMNITY COMPANY,
a foreign corporation,

Plaintiff - Counter Defendant - Appellee,

versus

ARCHER WESTERN CONTRACTORS, LLC,
a foreign corporation,

Defendant - Counter Claimant - Appellee,

PRINCE LAND SERVICES, INC.,

Interested Party - Intervenor - Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(April 17, 2020)

Before HULL, MARCUS and EBEL,[*] Circuit Judges.

PER CURIAM:

Prince Land Services, Inc. ("Prince") appeals from an order of the district court denying its motion to intervene as of right in the now-concluded litigation between Developers Surety and Indemnity Company ("DSIC") and Archer Western Contractors, LLC ("Archer"). Because Prince's Notice of Appeal was filed in an untimely manner, we do not have jurisdiction to hear the case, and, accordingly, dismiss this appeal.

In May 2012, Archer hired Prince as a landscaping subcontractor for the Central Florida Commuter Rail Transit Station Finishes Project, for which it was the general contractor. Archer acquired a performance bond from DSIC guaranteeing Prince's work. Disputes arose between Archer and Prince in the spring of 2014 and culminated in Archer sacking Prince and hiring another company to complete its work.

Disputes between Archer and DSIC followed. Archer demanded DSIC pay for the costs of finishing the project, pursuant to the performance bond. DSIC argued that it was not obligated to do so because Archer had not given adequate notice of Prince's alleged default. On October 26, 2016, DSIC brought an action

---

[*] Honorable David M. Ebel, United States Circuit Judge for the Tenth Circuit, sitting by designation.

against Archer, in the U.S. District Court for the Middle District of Florida, seeking a declaratory judgment that the bond was void. Archer counterclaimed for breach of contract.

On February 8, 2017, Prince attempted to intervene in the action. Prince argued that it was entitled to intervene as of right pursuant to Fed. R. Civ. P. 24(a), because it intended to sue Archer for breach of contract, and if Archer were to win its counterclaim against DSIC, Prince would have an interest in the damages award. The district court denied intervention on May 25, 2017, observing that Prince's potential economic interest in the outcome of a lawsuit was not of the "direct, substantial, and legally protectable" sort that would entitle it to intervene as of right. Mt. Hawley Ins. Co. v. Sandy Lake Props., Inc., 425 F.3d 1308, 1311 (11th Cir. 2005).

For reasons that remain unexplained, Prince never appealed this ruling, despite having been entitled to do so on a provisional interlocutory basis. See Fed. Sav. & Loan Ins. Corp. v. Falls Chase Special Taxing Dist., 983 F.2d 211, 214 (11th Cir. 1993) (explaining that this Court has interlocutory jurisdiction to correct a district court's erroneous denial of a motion to intervene as of right). Instead, Prince moved the district court on June 26, 2017 to reconsider its ruling, raising the additional argument that Prince's performance on the subcontract was at issue in the case, and that it feared it could face an indemnification claim from DSIC. On

3

August 8, 2017, the district court denied the motion because Prince's new arguments, it explained, had been available the first time around. Prince did not appeal this ruling either.

Many months later, on May 7, 2018, the district court granted summary judgment on the issue of liability to Archer. Soon thereafter, on June 15, Archer and DSIC executed a settlement agreement on the issue of damages. The next day, Prince filed a self-styled "Renewed Motion to Intervene, Motion for Reconsideration or Clarification, and Incorporated Memorandum of Law" ("Renewed Motion"). Prince made substantially identical arguments just as it had in its first two failed attempts to intervene -- asserting that it wanted to sue Archer for breach of contract and that it had a contractual duty to indemnify DSIC. Prince also raised one additional argument: that by discussing Prince's default in its grant of summary judgment to Archer, the district court had made real Prince's fear that the litigation between DSIC and Archer would implicate its performance under the subcontract. The parties did not respond to the Renewed Motion. On June 22, 2018, Archer and DSIC stipulated to the dismissal of their case with prejudice under Fed. R. Civ. P. 41(a)(1)(A)(ii).[1] In its July 6, 2018 order, the district court

---

[1] Rule 41 permits a plaintiff to voluntarily dismiss an action by filing "a stipulation of dismissal signed by all parties who have appeared." Fed. R. Civ. P. 41(a)(1)(A)(ii).

explained that this stipulation deprived it of jurisdiction over the case, and it denied Prince's outstanding Renewed Motion.

Finally, Prince decided to bring its argument to this Court.  On August 3, 2018, Prince filed a Notice of Appeal, purporting to challenge the district court's July 6, 2018 order.  Archer moved this Court to dismiss the appeal for lack of jurisdiction; the question was carried with the case.

Our controlling case law is clear.  "In a civil case . . . the notice of appeal . . . must be filed with the district clerk within 30 days after entry of the judgment or order appealed from."  Fed. R. App. P. 4(a)(1)(A).  This 30-day time limit is "mandatory and jurisdictional."  Love v. Wal-Mart Stores, Inc., 865 F.3d 1322, 1324 (11th Cir. 2017) (quoting Bowles v. Russell, 551 U.S. 205, 209 (2007)).  If an appealable interlocutory motion is denied, and the aggrieved person "fails to file an appeal within the prescribed time-frame, it may not file a successive motion requesting the same relief 'simply to revisit the initial . . . decision or resurrect an expired time for appeal.'"  Birmingham Fire Fighters Ass'n 117 v. Jefferson County, 290 F.3d 1250, 1253 (11th Cir. 2002) (quoting 16 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3924.2 (2d ed. 1996)).  However, where substantially "new circumstances, evidence, or law" make a new motion a "viable being in its own right instead of merely a re-packaging in new garb of the corpse of an old motion in an attempt to resurrect it,"

5

a party may file, and appeal, a new motion so long as it "starts with the proposition that the original, unappealed order was correct when entered." Id. at 1254.[2]

By the time Prince filed its Notice of Appeal in August 2018, far more than 30 days had passed since the district court first denied Prince's motion to intervene on May 25, 2017, and then denied, on August 8, 2017, its motion to reconsider. Prince's Renewed Motion is identical in substance to its earlier motions. Prince has continued to seek precisely the same remedy -- intervention in the action between Archer and DSIC -- and for the same essential reason -- that the litigation between Archer and DSIC in some sense involved Prince's breach-of-contract claims against Archer. Thus, the only question before us today is whether a substantial change of circumstances justified Prince's Renewed Motion. It did not.

Prince's only argument to the contrary is that the district court's summary judgment opinion effected a substantial change of circumstances by making real Prince's fear that the case would implicate its performance under the subcontract. But the performance bond, the alleged breach of which was the basis of Archer's counterclaim against DSIC, could only have been triggered by Archer's assertion that Prince had defaulted. Thus, to rule for Archer on its counterclaim, the district

---

[2] Though Birmingham Fire Fighters considered successive motions for preliminary injunction, we have applied these same principles to motions to intervene as of right. See Meek v. Metropolitan Dade County, 985 F.2d 1471, 1477 (11th Cir. 1993), abrogated on other grounds by Dillard v. Chilton Cty. Comm'n, 495 F.3d 1324 (11th Cir. 2007).

court would have to make some determination related to Prince's performance.[3] And when Prince made its initial motion to intervene, it was plainly foreseeable that Archer might win the lawsuit -- after all, either Archer was going to win, or DSIC was. There was no substantial change of circumstances when the district court resolved the case one way rather than the other.

Moreover, Prince's Renewed Motion did not "start[ ] with the proposition that the original, unappealed order was correct when entered," Birmingham Fire Fighters Ass'n 117, 290 F.3d at 1254, which in fact it was required to accept. The Renewed Motion pays lip service to the possibility that the court's rulings on the first two motions were correct, saying that Prince now has the right to intervene "even if denial of the motion to intervene was previously justifiable." But it proceeds to do no more than relitigate Prince's prior motions. Prince said in its Renewed Motion:

> By virtue of having (a) a claim for breach of contract against [Archer] that requires Prince to show that it performed its

___

[3] We note, however, that it does not appear the district court made any definitive finding that would be entitled to preclusive effect as to whether Prince actually breached the subcontract. Instead, it merely noted that the Bond "authorized Archer to take remedial action if Archer determined, 'at [i]ts sole discretion,' that Prince materially breached the Subcontract." The district court went on to state that, under Florida law, the use of the phrase "sole discretion" granted Archer "substantial leeway" in determining whether it considered Prince to be in breach, though Archer was "limited somewhat by the covenant of good faith." Thus, the district court's summary judgment analysis with regard to Archer's counterclaim was limited to whether "Archer acted within its 'discretion' when it terminated [Prince] for material breach of the Subcontract." In granting Archer's motion, the district court had only to conclude that Archer reasonably exercised the considerable discretion granted to it under the terms of Bond. It had no need to—and, indeed, did not—opine on whether Prince actually breached the terms of the subcontract.

contractual obligations to [Archer], (b) a duty to indemnify DSIC for amounts DSIC is required to pay, and (c) joint and several liability to [Archer] under the bond, Prince has a direct, substantial and legally protectable interest in this case.

These are precisely the same arguments that Prince advanced in support of its motion to reconsider. The district court found them to have been abandoned because they were not raised in Prince's initial motion to intervene. Prince has offered no explanation as to how the district court's refusal to consider these arguments was correct when the motion to reconsider was denied on August 8, 2017, but has since ceased to be so. The long and short of it is that, rather than having started with the proposition that the original rulings were correct, Prince really seeks to challenge them anew in this Court. This it cannot do, because it was obliged to perfect its appeal within 30 days of the district court's order of August 8, 2017.

Accordingly, this appeal must be and is dismissed for want of jurisdiction.

**DISMISSED.**

8