[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-11926
_____

D.C. Docket Nos. 2:93-cv-01404-WHA-CSC,
2:96-cv-00554-WHA-CSC

RICKY KNIGHT,
FRANKLIN IRVIN, et al.,

Plaintiffs-Appellants,

THOMAS OTTER ADAMS,
suing individually and on behalf of a class of persons similarly situated,
BILLY TWO FEATHERS JONES,
suing individually and on behalf of a class of persons similarly situated, et al.,

Consol. Plaintiffs-Appellants,

versus

LESLIE THOMPSON,
in his individual capacity,
DONALD PARKER, et al.

Defendants-Appellees,

WILLIAM S. STRICKER,
ELLEN RUTH LEONARD, et al.
individually and in their official capacity,

Consol. Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Alabama
_____

(August 5, 2015)

**ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES**

Before HULL and ANDERSON, Circuit Judges, and SCHLESINGER[*], District Judge.

PER CURIAM:

Plaintiffs, male inmates of the Alabama Department of Corrections ("ADOC"), brought this suit under the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"), 42 U.S.C. §§ 2000cc et seq., to challenge the ADOC's "short-hair policy." The short-hair policy forbids Plaintiffs from wearing their hair unshorn in accordance with the dictates of their Native American religion. In our previous opinion, we affirmed the district court's entry of judgment in favor of the ADOC. See Knight v. Thompson, 723 F.3d 1275, 1276-77 (11th Cir. 2013) ("Knight I").[1] On January 26, 2015, the Supreme Court vacated our previous opinion and remanded for further consideration in light of Holt v. Hobbs, 574 U.S. ___, 135 S. Ct. 853 (2015).

_____

[*]Honorable Harvey E. Schlesinger, United States District Judge for the Middle District of Florida, sitting by designation.

[1]The lengthy procedural history and factual background of Plaintiffs' case are provided in our previous opinion.

2

We asked the parties to file supplemental briefs addressing the issue on remand. The parties have done so. Having considered both the briefs and Holt, we conclude that Holt does not dictate a change in the outcome of this case. We reinstate our prior Knight I opinion with revisions only to Part III.B.ii, which we set forth below, and we add, with this opinion in Knight II, a discussion of the Supreme Court's decision in Holt and why it does not affect the outcome in our prior decision.

In Holt, the Supreme Court considered a RLUIPA challenge to the Arkansas Department of Correction's ("the Department") "no-beard policy." The no-beard policy prohibited inmates from wearing facial hair other than a neatly trimmed mustache. Holt, 574 U.S. at ___, 135 S. Ct. at 860. The policy made no exception for inmates who objected on religious grounds but did allow inmates with diagnosed dermatological problems to wear a ¼-inch beard. Id.

Plaintiff Gregory Holt, an Arkansas inmate and devout Muslim, sought permission to grow a ½-inch beard in accordance with his religious belief. Id. at ___, 135 S. Ct. at 859, 861. After the Department denied Holt's requested exemption, he filed suit under RLUIPA. Id. at ___, 135 S. Ct. at 861. Following an evidentiary hearing, the district court dismissed Holt's RLUIPA complaint for failure to state a claim on which relief can be granted, and the Eighth Circuit affirmed. Id. On certiorari review, the Supreme Court reversed, holding that the

Department's grooming policy violated RLUIPA insofar as it prevented Holt from growing a ½-inch beard in accordance with his religious beliefs. Id. at ___, 135 S. Ct. at 867.

Plaintiffs here raise three arguments worth addressing for why Holt changes the outcome in their case. First, Plaintiffs argue that, like the lower courts in Holt, the district court in this case failed to engage in a "focused inquiry." We disagree. In Holt, in relevant part, the Department argued that its grooming policy represented the least restrictive means of furthering a broadly formulated interest in prison safety and security. Id. at ___, 135 S. Ct. at 863. The Supreme Court cautioned, however, that RLUIPA demands "a more focused inquiry and requires the Government to demonstrate that the compelling interest test is satisfied through application of the challenged law to . . . the particular claimant." Id. (quotations omitted). Thus, RLUIPA requires a court to "scrutinize the asserted harm of granting specific exemptions to particular religious claimants and to look to the marginal interest in enforcing the challenged government action in that particular context." Id. (quotations omitted and alteration adopted).

While Holt sought to grow a ½-inch beard, such that the Department had to show how denying him a ½-inch beard actually furthered its compelling interests, the Plaintiffs here request a complete exemption of long, unshorn hair from the ADOC's short-hair policy. See Knight I, 723 F.3d at 1276-77, 1277 n.1.

4

Therefore, RLUIPA requires us to scrutinize the asserted harm of granting that specific exemption of long, unshorn hair and to look to the marginal interest in enforcing the short-hair policy in that particular context.  That is exactly the focused inquiry that this Court and the district court applied.  See, e.g., id. at 1280 ("[The magistrate judge] found that inmates can use long hair to alter their appearances, long hair impedes the ability of officers to quickly identify inmates in the prisons, and inmates can use long hair to identify with special groups, including gangs."); id. at 1285 ("Plaintiffs have not presented any less restrictive alternative that can adequately contain the risks associated with long hair . . . ."); id. at 1286 ("The ADOC has shown that Plaintiffs' requested exemption poses actual security, discipline, hygiene, and safety risks.").

Second, the Plaintiffs claim that the district court applied "unquestioning deference" to prison officials' testimony.  In Holt, the Supreme Court admonished the lower courts for engaging in "unquestioning deference" to the Department's assertion that allowing Holt to grow a ½-inch beard would undermine its compelling interest instead of requiring the Department "to prove that denying the exemption is the least restrictive means of furthering a compelling governmental interest."  Holt, 574 U.S. at ___, 135 S. Ct. at 863-64 (emphasis added).  Notably, the prison officials in Holt provided largely conclusory and speculative testimony in justification of their no-beard policy; for example, they could point to no

instance in Arkansas or elsewhere where an inmate had hidden contraband in a ½-inch beard, and they could not explain why a dual-photo method could not be employed to address the concern of an escaped inmate shaving his beard to disguise his appearance.  See id. at ___, 135 S. Ct. at 861.

Here, in contrast, the district court made various factual findings concerning inmates' hair length based on the ADOC's witnesses' "elucidating expert opinions, lay testimony, and anecdotal evidence based on their decades of combined experience as corrections officers."  Knight I, 723 F.3d at 1278.  As we explained in our previous decision, "the detailed record developed during the trial of this case amply supports the [d]istrict [c]ourt's factual findings about the risks and costs associated with permitting male inmates to wear long hair."  Id. at 1284.  The ADOC's witnesses offered more than "speculation, exaggerated fears, or post-hoc rationalizations," id. (quotation omitted), and the type of "unquestioning deference" that concerned the Holt Court simply did not occur in this case.  In other words, the ADOC did prove that denying Plaintiffs' specific exemption is the least restrictive means of furthering its compelling governmental interests.

Third, the Plaintiffs contend that, in light of Holt, the district court erred in disregarding the evidence presented below that the prison systems of 39 other states "would allow the religious accommodation Plaintiffs request."  Holt presented evidence that "the vast majority of States and the Federal Government

permit inmates to grow ½-inch beards, either for any reason or for religious reasons." Holt, 574 U.S. at ___, 135 S. Ct. at 866. The Supreme Court concluded that the Department failed to show, in the face of this evidence, why it could not do the same. Id. The Supreme Court explained that "when so many [other] prisons offer an accommodation, a prison must, at a minimum, offer persuasive reasons why it believes that it must take a different course, and the Department failed to make that showing here." Id.

As an initial matter, on this record, it is not apparent that the Plaintiffs presented evidence that all of these 39 other prison systems would allow their specific requested accommodation—long, unshorn hair. Compare id. ("[T]he Department failed to show . . . why the vast majority of States and the Federal Government permit inmates to grow ½-inch beards . . . but it cannot."). For instance, while several of the written policies of other prison systems proffered by Plaintiffs indicate that inmates generally have freedom in choosing their hair length, the policies make clear that the chosen hair length cannot pose risks for health, safety, hygiene, order, or security. Thus, it is not clear that these policies would allow for entirely unshorn hair.

In any event, unlike in Holt, the district court here did not defer to the ADOC's "mere say-so" that it could not accommodate Plaintiffs' requested accommodation even though other prison systems offer such an accommodation.

7

See id.  As already discussed, the "detailed record developed" below distinguishes this case from Holt, where the lower courts gave "unquestioning deference" to prison officials' conclusory and speculative assertions.  As we stated in our previous opinion, the ADOC has "shown that Plaintiffs' requested exemption poses actual security, discipline, hygiene, and safety risks" and neither we nor Plaintiffs can "point to a less restrictive alternative that accomplishes the ADOC's compelling goals."  Knight I, 723 F.3d at 1285-86.

Therefore, we reinstate our Knight I opinion with revisions only in Part III.B.ii on pages 1284 to 1286.  We file that reinstated opinion with those revisions, contemporaneously with this opinion.

We affirm, once again, the district court's judgment in favor of the ADOC after our reconsideration in light of Holt, pursuant to the Supreme Court's mandate.

**OPINION REINSTATED WITH MODIFICATIONS; AFFIRMED.**