NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

LUCARELLI PIZZA & DELI and T.A.S.         )
SUNSHINE ENTERPRISES LLC,                 )
                                          )
        Appellants,                       )
                                          )
v.                                        )   Case No. 2D14-4311
                                          )
POSEN CONSTRUCTION, INC.,                 )
                                          )
        Appellee.                         )
_____  )

Opinion filed August 19, 2015.

Appeal pursuant to Fla. R. App. P. 9.130
from the Circuit Court for Lee County;
Sherra Winesett, Judge.

Michael R.N. McDonnell of McDonnell Trial
Law, Naples; and Gary L. Green of Gary L.
Green, P.A., Naples, for Appellants.

Shelley H. Leinicke of Wicker, Smith,
O'Hara, McCoy & Ford, P.A., Fort
Lauderdale, for Appellee.


ALTENBERND, Judge.

        Lucarelli Pizza & Deli and T.A.S. Sunshine Enterprises LLC (the Plaintiffs)

appeal an order denying their amended motion for class certification.  The alleged

cause of action in this case is negligence.  Although the Plaintiffs sought to determine

only the issues of duty and breach of duty in their attempted class action, a person does

not have a cause of action for negligence in the absence of actual damage. Thus, to establish numerosity and typicality for purposes of this class action, the Plaintiffs needed to show that a sufficient and clearly ascertainable number of the proposed class had suffered some compensable damage from the alleged negligence. The trial court did not err in determining that the proposed class is overbroad and failed in this regard. We thus affirm the order denying the amended motion for class certification.

On November 11, 2010, Posen Construction was engaged in road construction on Colonial Boulevard in Fort Myers, Florida. An employee allegedly damaged a natural gas line, resulting in an interruption of gas service to a sizable region. Neither Lucarelli Pizza & Deli nor TAS Sunshine Enterprises LLC suffered any physical damage to their property, which was not adjacent to the location where the gas line was damaged. Instead, they claim that they lost profits in their respective businesses because the gas supply to their buildings was interrupted.

The Plaintiffs initially sought to certify a class of "[a]ll commercial gas users . . . who suffered an interruption in gas services and a resulting loss of business revenue as a direct and proximate result" of the ruptured gas line. The Plaintiffs alleged that the class consisted of approximately 1200 members, the number of customers who, according to a list from the gas company, had lost gas service when the gas line was ruptured. The trial court denied the first motion for certification after an evidentiary hearing because, among other reasons, extensive individualized fact-finding would have been necessary to determine who the members of the proposed class were—i.e., those customers who had actually suffered economic losses from the interrupted gas service.

The Plaintiffs then brought the amended motion for class certification. They attempted to overcome the problem in the first motion by redefining the class as "all commercial gas users . . . who suffered an interruption in gas service as a direct and proximate result" of the ruptured gas line and by limiting the issues in the class action under Florida Rule of Civil Procedure 1.220(d)(4)(A) to duty and breach of duty. They argued that assuming that they could prove liability in the class action, they would seek to have individualized determinations of causation and damages. The Plaintiffs again alleged that the class contained the approximately 1200 customers whose gas service was interrupted by the ruptured gas line.

Following two evidentiary hearings, the trial court correctly observed that the class, as redefined, was overbroad and that the Plaintiffs failed to carry their burden of proving numerosity and typicality under rule 1.220(a). The Plaintiffs did not present any evidence that a single member of the proposed class other than themselves had suffered any economic loss. Posen, on the other hand, presented extensive evidence suggesting that due to the varied nature of their businesses, many of the commercial customers who experienced an interruption in gas service had not suffered any economic loss or damage as a result. The Plaintiffs' proposed class of 1200 included auto repair businesses, bakeries, beauty parlors, funeral homes, offices, retailers, schools, and banks. Posen's expert accountant explained that many of these businesses likely only used gas for heating or hot water. The Plaintiffs presented no evidence to demonstrate how any of these businesses might have suffered a loss of revenue from the disruption in gas service.

The Plaintiffs' proposed class also included 695 restaurants, including Lucarelli Pizza & Deli. While it seems logical that a pizza parlor that relied on gas to bake its product would be significantly affected by a loss of gas service, Posen presented evidence that showed that even among the restaurants, it was unclear how many may have actually suffered any economic loss from the disruption in gas service. A restaurant owner testified that she only used gas for aesthetic purposes—for outdoor lamps—and that she suffered no loss of revenue as a result of the disruption's in gas service.

In short, the evidence demonstrated that while many members of the proposed class might have been inconvenienced by the loss of gas service, they would be unable to make any claim for a loss of revenue or profit. Based on this evidence, the trial court concluded that "potentially a great many class members, as currently defined . . . have suffered no injury." This was not error.

A cause of action in negligence requires proof of actual loss or damage. Curd v. Mosaic Fertilizer, LLC, 39 So. 3d 1216, 1227 (Fla. 2010). Thus, the second effort at a definition of a class included members who would not have a cause of action and would not be proper parties to an action sounding in negligence. The amendment did not change the problem the Plaintiffs faced to establish either numerosity or typicality: that the proposed class was overbroad because it included many members who did not suffer and would not be able to prove any injury or actual damage. See Leibell v. Miami-Dade Cty., 84 So. 3d 1078, 1083 (Fla. 3d DCA 2012) (holding that the proposed class was overbroad and that the trial court did not abuse its discretion when it concluded that the plaintiff failed to satisfy numerosity because the plaintiff's evidence

- 4 -

established only that she, and none of the 1399 other proposed members, was part of the class); Hutson v. Rexall Sundown, Inc., 837 So. 2d 1090, 1093 (Fla. 4th DCA 2003) (holding that the trial court did not abuse its discretion when it concluded that the plaintiffs failed to satisfy typicality because the proposed class included customers who could not claim any injury or damage); see also Kohen v. Pac. Inv. Mgmt. Co., 571 F.3d 672, 677 (7th Cir. 2009) ("[A] class should not be certified if it is apparent that it contains a great many persons who have suffered no injury at the hands of the defendant.").

We emphasize that this court is not called upon to determine whether the complaint stated a cause of action in negligence. From its early origins, the interest protected by a cause of action in negligence was the interest in one's person and physical property. Thus, the actual damage that was an essential element of the tort required proof of personal injury or property damage. See, e.g., FMR Corp. v. Boston Edison Co., 613 N.E. 2d 902, 903 (Mass. 1993) (affirming summary judgment in favor of the defendant power company and contractor where the commercial plaintiffs brought negligence claims alleging purely economic damages caused by power outages). Over the last century, courts have occasionally expanded the tort of negligence by creating duties to protect plaintiffs in situations that do not result in personal injury or property damage. But this has occurred only when specific circumstances have warranted a more liberal judicial rule and an expanded duty of care. See, e.g., Monroe v. Sarasota Cnty. Sch. Bd., 746 So. 2d 530 (Fla. 2d DCA 1999); Sandarac Ass'n v. W.R. Frizzell Architects, Inc., 609 So. 2d 1349, 1352-53 (Fla. 2d DCA 1992), implied overruling on other grounds recognized by Stone's Throw Condo. Ass'n v. Sand Cove Apartments, Inc., 749 So. 2d 520 (Fla. 2d DCA 1999).

Several years ago, in a case where the livelihood of fishermen was threatened by pollution, the supreme court permitted the fishermen to recover in negligence for purely economic losses. Curd, 39 So. 3d 1216. Recently, in Tiara Condominium Ass'n v. Marsh & McLennan Cos, 110 So. 3d 399, 400 (Fla. 2013), the court declared that the economic loss rule has application only in the context of products liability cases. In bringing this lawsuit, the Plaintiffs in this case appear to read Curd and Tiara Condominium as opening the door to virtually any claim in negligence for purely economic loss. We are inclined to read these cases more narrowly. See, e.g., Virgilio v. Ryland Grp., Inc., 680 F.3d 1329, 1339-40 & 1340 n.31 (11th Cir. 2012) (declining to apply Curd in a different factual context).

In Curd, the court determined that the specific circumstances of the fishermen justified an expansion of negligence law such that the standard of care owed by the fertilizer company to the fishermen was a standard that included a duty to protect their livelihood. 39 So. 3d at 1228. In Tiara Condominium, the holding limiting the economic loss rule occurred in the context of the liability of an insurance broker. 110 So. 3d at 400-01. An insurance broker, like other economic professionals, fits into a special professional category where the standard of care includes a duty to protect the economic interests of clients or affected parties. We question whether the supreme court in Curd and Tiara Condominium intended to allow customers of a local utility company who have suffered only economic loss to sue every contractor or automobile driver that negligently ruptures a gas line, knocks down a power pole, or otherwise disrupts utility service. That issue, however, is not within the scope of review in this nonfinal appeal.

- 6 -

Affirmed.

MORRIS and SLEET, JJ., Concur.