[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 14-10981

_____

D.C. Docket No. 5:12-cv-00026-WLS-CHW

LESTER J. SMITH,

Plaintiff-Appellant,

versus

BRIAN OWENS,
COMMISSIONER, GEORGIA DEPARTMENT OF CORRECTIONS,
in his official and individual capacities,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

(February 17, 2017)

Before WILSON and JILL PRYOR, Circuit Judges, and BUCKLEW,[*] District
Judge.

---

[*] Honorable Susan C. Bucklew, United States District Judge for the Middle District of
Florida, sitting by designation.

BUCKLEW, District Judge:

Lester Smith, a Georgia state prisoner, alleges the grooming policy enforced in Georgia state prisons violates the Religious Land Use and Institutionalized Persons Act ("RLUIPA")[1] by substantially burdening his exercise of a sincerely held religious belief that Islam requires him to grow an uncut beard. The district court granted summary judgment in favor of the defendant, Brian Owens, Commissioner of Georgia's Department of Corrections ("GDOC"). Smith appeals, contending that *Holt v. Hobbs*,[2] a Supreme Court opinion issued after the district court's order, renders the district court's analysis inadequate. After review, and with the benefit of oral argument, we vacate and remand.

## I.    BACKGROUND

Smith filed a *pro se* action against Owens, arguing that he had been denied his constitutional right to practice Islam by operation of a GDOC grooming policy that forced him to shave his beard. He stated his belief that "cutting of the beard is against a command from God in al-islam," Doc. 1 at 4, No. 5:12-cv-00026-WLS-CHW, and he sought nominal damages and injunctive relief for violations of RLUIPA, 42 U.S.C. § 1983, the First Amendment, and the Georgia constitution.

---

[1] 42 U.S.C. § 2000cc *et seq.*

[2] 574 U.S. ——, 135 S. Ct. 853, 190 L. Ed. 2d 747 (2015).

Owens filed a motion to dismiss, which the district court (by adoption of the magistrate judge's Report and Recommendation) granted as to every claim except Smith's RLUIPA claim for injunctive relief against Owens in his official capacity. While the motion to dismiss was pending, Smith filed a motion for summary judgment, which the district court denied.

Owens then filed his own motion for summary judgment. He argued Smith could not establish a prima facie case under RLUIPA. Owens explained that though the GDOC's grooming policy generally prohibited growing beards, Smith qualified for a medical-condition exception that allowed him to grow a beard of ⅛ inch; consequently, Smith's religious exercise was not substantially burdened.[3] Owens argued in the alternative that, even if the grooming policy substantially burdened Smith's religious exercise, it furthered compelling governmental interests in security, discipline, hygiene, and safety by the least restrictive means.

Responding in opposition, Smith noted the inconsistency between allowing a medical exception to the grooming policy but refusing religious accommodation. He argued such an inconsistency demonstrated the GDOC was not employing the least restrictive means of furthering its interests. In support, he identified an alternative, less restrictive option:

---

[3] Owens did not challenge the sincerity of Smith's religious beliefs, nor did he challenge Smith's belief that growing a beard is central to his religious exercise. Doc. 114-2 at 4 n.1; Doc. 124 at 5.

3

> An alternative for both parties would be to revise the G.D.O.C. grooming policy to allow not only muslims, but all inmates to grow a beard no longer than ¼ . . . inch, with respect to all other religions who are required to wear a beard. This would be an absolute less restrictive means that addresses and resolves the State's underlying interests, security, safety, and health concerns.

Doc. 117-1 at 3. He reiterated this alternative in what he styled as a "settlement offer." Doc. 122 at 2.

The magistrate judge recommended granting Owens' motion for summary judgment. In his Report and Recommendation, the magistrate judge reasoned that Smith failed to present specific evidence of a substantial burden because Smith was able to grow a ⅛-inch beard in accordance with the grooming policy's medical exception. Doc. 124 at 6. The magistrate judge also concluded Owens demonstrated that the grooming policy furthered several compelling governmental interests—security, discipline, hygiene, sanitation, and safety—by the least restrictive means. Doc. 124 at 7–9. The district court adopted the Report and Recommendation and entered judgment in favor of Owens. Doc. 125.

Smith appealed *pro se*. While Smith's appeal was pending, the Supreme Court held in *Holt v. Hobbs* that the Arkansas Department of Corrections' grooming policy violated RLUIPA insofar as it prevented the plaintiff from growing a ½-inch beard in accordance with his religious beliefs. 574 U.S. ——, —

4

—, 135 S. Ct. 853, 867, 190 L. Ed. 2d 747 (2015). The GDOC then revised its grooming policy to allow all inmates to grow a beard of up to ½ inch.

Smith grew a ½-inch beard after the policy revision, and Owens moved to dismiss Smith's appeal as moot, arguing Smith had received the relief he sought. We denied Owens' motion to dismiss, appointed Smith counsel, and ordered new briefing.[4]

## II.    STANDARD OF REVIEW

Mootness is a question of law that we consider *de novo*. *Troiano v. Supervisor of Elections*, 382 F.3d 1276, 1282 (11th Cir. 2004) (citation omitted).

We review a district court's decision on summary judgment *de novo* and apply the same legal standard used by the district court, drawing all inferences in the light most favorable to the non-moving party and recognizing that summary judgment is appropriate only where there are no genuine issues of material fact. *Rich v. Sec'y, Fla. Dep't of Corr.*, 716 F.3d 525, 530 (11th Cir. 2013) (citation omitted).

## III.    DISCUSSION

### A.    This Case Is Not Moot.

A federal court does not have authority to decide moot questions or declare principles or rules of law that cannot impact the parties in the case before it. *Id.* at

---

[4] Smith appeals only the district court's summary judgment order on his RLUIPA claim against Owens in his official capacity.

5

531 (citation omitted). "'[I]f, pending an appeal, events transpire that make it impossible for this court to provide meaningful relief, the matter is no longer justiciable.'" *Id.* (alteration in original) (quoting *Beta Upsilon Chi Upsilon Chapter at the Univ. of Fla. v. Machen*, 586 F.3d 908, 916 (11th Cir. 2009)).

Throughout the course of this litigation, Smith consistently expressed his belief that cutting his beard (without qualification as to length) contravenes the teachings of Islam. Although Smith articulated an alternative policy that would allow all inmates to grow a ¼-inch beard, he expressed that alternative more than a year and a half into litigation in response to Owens' summary judgment motion. And regardless of whether Smith intended that alternative as a compromise or as an example of a less restrictive means of furthering the GDOC's interests, it does not alter the relief that he sought beforehand and afterward, once compromise was off the table.[5]

The GDOC's revised grooming policy does not permit Smith to grow an uncut beard. Because we may still provide meaningful relief, this case is not moot.

---

[5] "An unaccepted settlement offer—like any unaccepted contract offer—is a legal nullity, with no operative effect. . . . [T]he recipient's rejection of an offer leaves the matter as if no offer had ever been made." *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. ——, ——, 133 S. Ct. 1523, 1533, 185 L. Ed. 2d 636 (2013) (Kagan, J., dissenting) (citation and internal quotation marks omitted); *see also Stein v. Buccaneers Ltd. P'ship*, 772 F.3d 698, 703 (11th Cir. 2014) (quoting *Symczyk*, for this proposition, with approval).

Furthermore, "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam) (citation omitted).

**B.**    ***Holt v. Hobbs* Requires the District Court to Focus Its Summary Judgment Analysis on Application of the GDOC's Grooming Policy to Smith.**

RLUIPA provides, in pertinent part:

> No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution . . . even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of the burden on that person—
>
> (1)    is in furtherance of a compelling governmental interest; and
>
> (2)    is the least restrictive means of furthering that compelling governmental interest.

42 U.S.C. § 2000cc-1(a). "The term 'religious exercise' includes any exercise of religion, whether or not compelled by, or central to, a system of religious belief." *Id.* § 2000cc-5(7)(A). To establish a prima facie case under RLUIPA, the plaintiff must demonstrate that his engagement in religious exercise was substantially burdened by the law, regulation, or practice he challenges. *Knight v. Thompson*, 797 F.3d 934, 943 (11th Cir. 2015) ("*Knight II*"). If he makes this prima facie showing, the burden then shifts to the defendant to prove the challenged regulation is the least restrictive means of furthering a compelling governmental interest. *Id.* (citations omitted).

The Supreme Court clarified the analysis demanded by RLUIPA in *Holt v. Hobbs*, in which the Court considered the Arkansas Department of Corrections'

("Department") grooming policy and concluded that policy violated RLUIPA

insofar as it prohibited the petitioner from growing a ½-inch beard in accordance

with his religious beliefs. 574 U.S. at ——, 135 S. Ct. at 867. There was no dispute

as to the sincerity of the petitioner's beliefs, and the Court concluded the petitioner

"easily satisfied" his obligation of demonstrating the grooming policy substantially

burdened his religious exercise. The Court explained:

> The Department's grooming policy requires petitioner to shave his beard and thus to "engage in conduct that seriously violates [his] religious beliefs." If petitioner contravenes that policy and grows his beard, he will face serious disciplinary action. Because the grooming policy puts petitioner to this choice, it substantially burdens his religious exercise.

*Id.* at ——, 135 S. Ct. at 862 (alteration in original) (citation omitted) (quoting

*Burwell v. Hobby Lobby Stores, Inc.*, 573 U.S. ——, ——, 134 S. Ct. 2751, 2775,

189 L. Ed. 2d 675 (2014)).

The Court then addressed the Department's burden of proving its grooming

policy was the least restrictive means of furthering a compelling governmental

interest. The Department argued the grooming policy represented the least

restrictive means of furthering the "broadly formulated" and compelling interest in

prison safety and security, but the Court explained:

> RLUIPA . . . contemplates a "more focused" inquiry and "requires the Government to demonstrate that the compelling interest test is satisfied through application of the challenged law 'to the person'—the particular

claimant whose sincere exercise of religion is being substantially burdened." RLUIPA requires us to "scrutiniz[e] the asserted harm of granting specific exemptions to particular religious claimants" and "to look to the marginal interest in enforcing" the challenged government action in that particular context. In this case, that means the enforcement of the Department's policy to prevent petitioner from growing a ½-inch beard.

*Id.* at ——, 135 S. Ct. at 863 (alteration in original) (citations and internal quotation marks omitted) (quoting *Hobby Lobby*, 573 U.S. at ——, 134 S. Ct. at 2779).

In its analysis, the Court reproved the district and circuit courts for their "unquestioning deference" to the Department, and it explained that the test Congress set forth in RLUIPA "requires the Department not merely to explain why it denied the exemption but to prove that denying the exemption is the least restrictive means of furthering a compelling governmental interest." *Id.* at ——, 135 S. Ct. at 864. The Court further explained: "'The least-restrictive-means standard is exceptionally demanding,' and it requires the government to 'sho[w] that it lacks other means of achieving its desired goal without imposing a substantial burden on the exercise of religion by the objecting part[y].'" *Id.* (alterations in original) (quoting *Hobby Lobby*, 573 U.S. at ——, 134 S. Ct. at 2780). Moreover, "[i]f a less restrictive means is available for the Government to achieve its goals, the Government must use it." *Id.* (quoting *United States v.*

9

*Playboy Entm't Grp., Inc.*, 529 U.S. 803, 815, 120 S. Ct. 1878, 146 L. Ed. 2d 865 (2000)).

Finally, the Court discussed the Department's failure to provide adequate responses to two additional arguments implicated by the RLUIPA analysis. First, the Department did not rationalize the substantial underinclusiveness of its grooming policy, evidenced both by the policy's exception for beards grown for medical reasons and also by the fact that other more plausible vehicles for hiding contraband (such as unshaved heads, shoes, and clothes) were permitted. *Id.* at 865–66. Second, the Department failed to demonstrate why it could not permit inmates to grow ½-inch beards, while the vast majority of States and the federal government permitted inmates to grow ½-inch beards for religious reasons or for any reason at all. *Id.* at 866.

Following *Holt*, the Supreme Court granted the petition for writ of certiorari in *Knight v. Thompson*, 723 F.3d 1275 (11th Cir. 2013) ("*Knight I*"), vacated judgment, and remanded for further consideration.[6] In *Knight I*, Native American inmates in the custody of the Alabama Department of Corrections ("ADOC") brought a RLUIPA claim challenging the ADOC's hair-length policy. The plaintiffs sought an exemption from the policy because it prohibited them from wearing long hair, which was a central tenet of their religious faith. *Id.* at 1277. In

---

[6] *Knight v. Thompson*, —— U.S. ——, 135 S. Ct. 1173, 191 L. Ed. 2d 130 (2015).

*Knight I*, we affirmed the district court's conclusion that the ADOC's hair-length policy did not violate RLUIPA, *id.* at 1287, and we reinstated that affirmance with modifications in *Knight II*, 797 F.3d at 948. We concluded the district court's focused inquiry, factual findings, and extensive record distinguished that case from *Holt*.[7]

But the focused inquiry, factual findings, and extensive record that supported our affirmance in *Knight II* are not present in this case. And because the Supreme Court's guidance as to the proper RLUIPA analysis was not available to the district court when it ruled on Owens' summary judgment motion, additional consideration is warranted.

First, in its analysis of whether Smith has established the GDOC's grooming policy substantially burdens his religious exercise, *Holt* requires the district court to consider the choice that the grooming policy imposes on Smith: either to engage in conduct that violates his sincerely held religious beliefs, or to face disciplinary action. Second, *Holt* demands a more particularized, less deferential analysis as to those issues for which the GDOC bears the burden, namely, whether the grooming policy is the least restrictive means of furthering compelling governmental interests. Specifically, *Holt* calls for an individualized, context-specific inquiry that requires the GDOC to demonstrate that application of the grooming policy *to Smith*

---

[7] *Knight v. Thompson*, 796 F.3d 1289, 1291–93 (11th Cir. 2015) (per curiam).

11

furthers its compelling interests. It requires the GDOC to consider the "marginal interest in enforcing" the grooming policy *in Smith's case*.

## IV.    CONCLUSION

The district court in this case did not have the benefit of *Holt v. Hobbs* when it considered Owens' motion for summary judgment, and this case lacks the evidentiary record that supported affirmance in *Knight II*. Because Smith's case was never analyzed in a manner consistent with *Holt v. Hobbs*—with respect to substantial burden, compelling interests, or least restrictive means—and because the GDOC has revised its grooming policy since the district court rendered its decision, the district court's order granting Owens' motion for summary judgment is vacated, and the case is remanded for further consideration. On remand, the district court is instructed to analyze Smith's RLUIPA claim as it relates to the GDOC's revised grooming policy in a manner consistent with *Holt v. Hobbs*.

**VACATED AND REMANDED.**

12