[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-10919

Non-Argument Calendar

_____

RYAN ALEXANDER MAYS,

Plaintiff-Appellant,

*versus*

WARDEN EVAN JOSEPH,
In his Individual and Official Capacities,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Georgia
D.C. Docket No. 1:19-cv-00215-JRH-BKE

_____

Before ROSENBAUM, GRANT, and MARCUS, Circuit Judges.

PER CURIAM:

Ryan Mays appeals from the district court's dismissal of his amended complaint alleging violations of his civil rights under 42 U.S.C. §§ 1983 and 2000cc-1(a).  Mays argues that Warden Evan Joseph of the Richmond County Correctional Institute ("RCCI") violated his First Amendment and Religious Land Use and Institutionalized Persons Act ("RLUIPA") rights to express his religion when he was prohibited from growing a goatee or his hair more than three inches long pursuant to a Georgia Department of Corrections ("GDOC") grooming policy.  After thorough review, we affirm in part and vacate and remand in part.

We review a district court ruling on a Rule 12(b)(6) motion *de novo*.  *Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003).  We view the complaint in the light most favorable to the plaintiff and accept all the plaintiff's well-pleaded facts as true.  *Am. United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1057 (11th Cir. 2007).  Further, in *pro se* actions, the court construes the complaint more liberally than it would for pleadings drafted by lawyers.  *Powell v. Lennon*, 914 F.2d 1459, 1463 (11th Cir. 1990).  To survive a motion to dismiss under Rule 12(b)(6), a complaint must allege sufficient facts to state a facially plausible claim.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To obtain reversal of a district court judgment that is based on multiple, independent grounds, an appellant must convince us that every stated ground for the judgment against him is incorrect. *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 680 (11th Cir. 2014). When an appellant fails to challenge properly on appeal one of the grounds on which the district court based its judgment, he is deemed to have abandoned any challenge of that ground, and it follows that the judgment is due to be affirmed. *Id.* A notice of appeal shall designate the judgment or order appealed from, but a policy of liberal construction of a notice of appeal prevails in situations where the intent to appeal an unmentioned ruling is apparent and the adverse party is not prejudiced by allowing the appellant to raise that issue on appeal. *C.A. May Marine Supply, Co. v. Brunswick Corp.*, 649 F.2d 1049, 1056 (5th Cir. 1981).[1]

We will not consider arguments not raised in the district court and raised for the first time on appeal. *Access Now, Inc. v. Southwest Airlines, Co.*, 385 F.3d 1324, 1331 (11th Cir. 2004). Further, a claim for nominal damages can be waived if nominal damages are not sought as a remedy below. *See Oliver v. Falla*, 258 F.3d 1277, 1281-82 (11th Cir. 2001) (adopting the decisions from other circuits and holding that plaintiffs may waive nominal damages); *see also Walker v. Anderson Elec. Connectors*, 944 F.2d 841, 845 (11th Cir. 1991) (explaining that a plaintiff could waive her right

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), we adopted as binding precedent all Fifth Circuit decisions issued before October 1, 1981.

to nominal damages for a violation of her statutory rights if she fails to request a charge on nominal damages in the district court).

Congress enacted RLUIPA "in order to provide very broad protection for religious liberty." *Holt v. Hobbs*, 574 U.S. 352, 356 (2015) (quotations omitted). "To establish a prima facie case under RLUIPA, the plaintiff must demonstrate that his engagement in religious exercise was substantially burdened by the law, regulation, or practice he challenges." *Smith v. Owens*, 848 F.3d 975, 979 (11th Cir. 2017). A substantial burden arises when a prisoner is forced to choose between violating his sincerely held religious beliefs or face serious disciplinary action. *See Holt*, 574 U.S. at 369 (holding that a prison grooming policy prohibiting a Muslim prisoner from growing a 1/2-inch beard was a substantial burden on his religious exercise). If the plaintiff succeeds in demonstrating a prima facie case, the government must then demonstrate that the challenged government action is in furtherance of a compelling governmental interest and is the least restrictive means of furthering that compelling governmental interest. *Rich v. Sec'y, Fla. Dep't of Corr.*, 716 F.3d 525, 532 (11th Cir. 2013); *see also Sossamon v. Texas*, 563 U.S. 277, 281 (2011).

We've recently held that an incarcerated plaintiff may not recover compensatory damages for mental or emotional injuries absent any physical injuries. *Hoever v. Marks*, 993 F.3d 1353, 1359-60 (11th Cir. 2021) (*en banc*). However, he may recover punitive and nominal damages in the absence of physical injury. *Id.* at 1361-62.

RLUIPA provides greater protection of religious expression to prisoners than the First Amendment. *See Burwell v. Hobby Lobby Stores, Inc.*, 573 U.S. 682, 695-96 (2014). As a result, a RLUIPA claim is wholly separate from a First Amendment claim and RLUIPA is construed in favor of broad protection of religious exercise. *See id.* In *Burwell*, the Supreme Court explained that when it enacted RLUIPA, Congress deleted the reference to the First Amendment to effectuate a complete separation from First Amendment case law. *Id.* at 696.

A state actor violates a prisoner's First Amendment rights under the Free Exercise Clause by imposing a substantial burden on his practice of religion. *Church of Scientology Flag Serv. Org., Inc. v. City of Clearwater*, 2 F.3d 1514, 1549 (11th Cir. 1993). A valid free exercise of religion claim must allege that the government has impermissibly burdened the plaintiff's sincerely held beliefs. *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1294 (11th Cir. 2007). In the prison context, a regulation burdening free exercise rights is valid if it is reasonably related to legitimate penological interests. *Turner v. Safley*, 482 U.S. 78, 89 (1987). We've held that grooming policies serve a legitimate governmental interest in maintaining security in penological institutions. *See Harris v. Chapman*, 97 F.3d 499, 504 (11th Cir. 1996) (upholding a prison prohibition on long hair and beards as furthering the compelling governmental interest of maintaining security); *Solomon v. Zant*, 888 F.2d 1579, 1582 (11th Cir. 1989) (upholding a "no-beard" policy because the government had a legitimate penological interest in safety).

6                    Opinion of the Court                    21-10919

Here, the district court did not err in dismissing Mays's First Amendment claims against Warden Joseph in his individual capacity. Our Court has squarely held that grooming policies serve a legitimate penological interest and are not violative of inmates' First Amendment rights to religious expression. *See Harris*, 97 F.3d at 504; *Solomon*, 888 F.2d at 1582. And Mays has not explained why he believes the GDOC grooming policy is not related to the legitimate governmental interest of penological safety. Accordingly, Mays has failed to state a claim under which relief could be granted and the district court did not err in dismissing the claim.

Nor did the district court err in dismissing Mays's First Amendment and RLUIPA claims for monetary damages against Joseph in his official capacity. The Eleventh Amendment prohibits actions against state officials acting in their official capacity for monetary damages in federal court. *See Kentucky v. Graham*, 473 U.S. 159, 169-70 (1985). Thus, Warden Joseph was entitled to dismissal of Mays's First Amendment and RLUIPA claims for monetary damages against him in his official capacity under the Eleventh Amendment. *See id.* [2]

---

[2] Mays also argues in his brief that his Eighth Amendment rights were violated because Warden Joseph exposed him to an unreasonable risk of serious harm and/or deprived him of a basic human right to hygiene. However, he abandoned this argument on appeal because he did not appeal the order that dismissed his Eighth Amendment claim. *See Sapuppo*, 739 F.3d at 680. But even if we were to liberally construe his notice of appeal to include that order, Mays's Eighth Amendment claim fails because he did not allege that he suffered any risk of imminent danger of serious physical injury beyond skin

21-10919                Opinion of the Court                7

However, the district court erred when it dismissed Mays's RLUIPA claim against Warden Joseph in his individual capacity. As the record reflects, Joseph did not address the merits of Mays's RLUIPA claim in the district court. Instead, Joseph argued that Mays could not recover monetary damages against him in his individual capacity. However, our en banc Court recently held that a plaintiff may recover punitive and nominal damages in the absence of physical injury, *Hoever*, 993 F.3d at 1361-62, so long as he can sufficiently show the government improperly burdened his religious rights. We recognize that Mays waived his right to seek nominal damages -- when he was given the opportunity to amend his complaint to seek nominal damages yet he failed to do so, *see Oliver*, 258 F.3d at 1282 -- but the district court nevertheless recognized that Mays sought punitive damages from Warden Joseph. Because Mays requested punitive damages, the district court erred in dismissing Mays's RLUIPA claim against Warden Joseph in his individual capacity on the ground that Mays could not recover monetary damages.

---

irritation from shaving, which we've held is not an imminent danger. *See Daker v. Ward*, 999 F.3d 1300, 1311-13 (11th Cir. 2021) (holding that cuts, bruises, and burns inflicted by a razor while shaving do not rise to the level of an imminent danger of serious harm). And to the extent Mays argues that his access to the court was restricted because he was transferred to a new facility where he received worse treatment in retaliation for filing his lawsuit, we will not consider it because he never raised the issue in the district court. *See Access Now*, 385 F.3d at 1331.

Accordingly, we vacate and remand the district court's order dismissing Mays's RLUIPA claim against Warden Joseph in his individual capacity so that the district court can reconsider the claim. While Warden Joseph briefly mentioned, for the first time on appeal, that the grooming policy was the least restrictive means of furthering a compelling governmental interest, he provided no case law or record cites to us in support of this conclusory statement. On remand, the parties can fully address the merits of the claim.

**VACATED AND REMANDED IN PART; AFFIRMED IN PART.**