[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 22-12909

_____

COMPULIFE SOFTWARE INC.,

Garnishor-Appellant,

*versus*

ZURICH AMERICAN INSURANCE COMPANY,

Garnishee-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 9:16-cv-81942-BER

_____

Before JORDAN, BRASHER, and ABUDU, Circuit Judges.

BRASHER, Circuit Judge:

Binyomin Rutstein, who holds a liability insurance policy with Zurich American Insurance Company, was found liable for misappropriating Compulife Software's trade secret by improper means. Compulife served a writ of garnishment against Zurich. We must determine whether Zurich was properly granted summary judgment against Compulife's writ of garnishment. Because Rutstein's policy with Zurich covers only liability arising from negligent acts and Rutstein was found liable for participating in an intentional tort, the policy does not cover Rutstein's acts. And Compulife is judicially estopped from arguing that Rutstein's acts were merely negligent when it earlier argued that he should be found jointly and severally liable for an intentional tort. So we affirm.

## I.

Compulife and Binyomin Rutstein have a complicated history, which we deal with in more detail elsewhere. *See Compulife v. Newman*, Nos. 21-14071, 21-14074 (11th Cir. Aug. 1, 2024). The relevant part for our purposes here is that, at Compulife's urging, the district court found Rutstein liable, along with his codefendants, for willfully and intentionally misappropriating Compulife's trade secrets. Compulife, of course, wants money now. And Rutstein has a liability insurer, Zurich, which has a duty to indemnify him in some cases. So Compulife served Zurich with a writ of garnishment. But the problem for Compulife is that Rutstein's policy with Zurich covers only negligent acts.

Recognizing this problem, Zurich moved for summary judgment. And for similar reasons, the district court granted the motion. This appeal followed.

## II.

"We review a district court's decision on summary judgment *de novo* and apply the same legal standard used by the district court, drawing all inferences in the light most favorable to the non-moving party and recognizing that summary judgment is appropriate only where there are no genuine issues of material fact." *Smith v. Owens*, 848 F.3d 975, 978 (11th Cir. 2017). "On appeal following a bench trial, a district court's conclusions of law are reviewed *de novo*, and its findings of fact are reviewed for clear error." *A.I.G. Uruguay Compania de Seguros, S.A. v. AAA Cooper Transp.*, 334 F.3d 997, 1003 (11th Cir. 2003).

## III.

The district court was right to grant summary judgment to Zurich for two reasons. First, Rutstein's policy with Zurich does not cover Rutstein's behavior. The policy covers only negligent acts. But Rutstein was found to have acted intentionally. Second, Compulife is judicially estopped from arguing that Rutstein acted negligently because it earlier argued the opposite and benefited from the district court accepting that position.

*A.*

We will start with the scope of the insurance policy. "Unlike the duty to defend, which generally is triggered by the allegations in the underlying complaint, an insurance company's duty to indemnify an insured party is narrower and is determined by the underlying facts adduced at trial or developed through discovery during the litigation." *Stephens v. Mid-Continent Cas. Co.*, 749 F.3d 1318, 1324 (11th Cir. 2014) (cleaned up).

Rutstein's policy with Zurich does not cover Rutstein here. Zurich's policy covers only negligent acts. The liability policy says that "[t]he Company shall pay on behalf of the 'Insured' . . . provided that: [t]he 'Claim' arises out of a negligent act, error or omission of the 'Insured' in rendering or failing to render 'Professional Services' for others" as an insurance agent.

But Rutstein was found to have acted intentionally. The facts adduced at the bench trial and reflected in the final judgment established that Rutstein was liable not for a negligent act but for an intentional tort—misappropriation of trade secrets. The district court found that "[e]ach Defendant played a critical role in the enterprise to misappropriate Compulife's trade secrets" and "all four Defendants were involved in either directly acquiring Compulife's trade secrets or in using these trade secrets for economic gain and/or to the detriment of Compulife." As for Rutstein in particular, the district court determined that he "allowed his father to use [his company, AWD,] to collect fees from insurance sales leads generated by Compulife's stolen Transformative Database" and

"allowed his father to use his insurance license and name to establish insurance-related businesses in violation of the consent decree barring [his father] from the insurance industry." This was enough, the court concluded, to state that "Compulife has established that Defendants acted willfully and maliciously in misappropriating Compulife's trade secrets" and that each is "liable for misappropriating Compulife's trade secrets." In other words, the district court held that Rutstein committed an intentional tort under Florida law.

Because the insurance policy only covers negligent acts, but Rutstein was found to have acted intentionally, the policy does not cover the tort liability at issue.

*B.*

Compulife argues that we should look behind the tort for which Rutstein was found liable and examine his actual conduct to determine whether that conduct was intentional or merely negligent. Assuming without deciding that coverage under the policy turns on that kind of fact-specific inquiry instead of the tort that underlies the judgment, we conclude that Compulife is judicially estopped from arguing that Rutstein's tortious conduct was merely negligent.

"Judicial estoppel generally prevents a party from prevailing in one phase of a case on an argument and then relying on a contradictory argument to prevail in another phase." *New Hampshire v. Maine*, 532 U.S. 742, 749 (2001) (cleaned up). "[T]hree factors typically inform the decision: (1) whether the present position is clearly inconsistent with the earlier position; (2) whether the party

succeeded in persuading a court to accept the earlier position, so that judicial acceptance of the inconsistent position in a later proceeding would create the perception that either the first or second court was misled[;] and[] (3) whether the party advancing the inconsistent position would derive an unfair advantage." *Robinson v. Tyson Foods, Inc.*, 595 F.3d 1269, 1273 (11th Cir. 2010) (citing *New Hampshire*, 532 U.S. at 750–51).

All three *Robinson* factors are present here. First, Compulife's present position conflicts with its earlier one. Earlier, it argued that all the defendants, including Rutstein, were jointly and severally liable for an intentional tort. But now it argues that Rutstein only acted negligently. There is no way to harmonize those two positions.

Second, Compulife earlier persuaded the district court that Rutstein acted in a manner that made him liable for an intentional tort. Now, it argues that his acts were at most negligent. Acceptance of the second position would create the perception that the court was misled concerning Rutstein's liability.

Third, Compulife derives an unfair advantage from advancing these inconsistent positions. It extended tort liability to Rutstein by depicting his actions as willful. But now it wants to collect on that liability from his insurer by recasting his actions as negligent. With consistent positions, Compulife would be unable to collect from Zurich because either: (1) Rutstein acted willfully, and so he is liable but not covered by the negligence-only policy, or (2) Rutstein acted negligently and so he is covered, but he is not

liable for an intentional tort. Only by advancing inconsistent positions can Compulife have its cake and eat it too—holding Rutstein liable for an intentional tort and collecting on his negligence-only liability policy. This unfairness is the very consequence that the doctrine of judicial estoppel seeks to avoid.

## IV.

For the above reasons, the district court is **AFFIRMED**.